Lawrence C. JENKINS et al., Appellants,

v.

CITY OF LEXINGTON, etc., et al., Appellees.

Court of Appeals of Kentucky.

Aug. 1, 1975.

Rehearing Denied Oct. 17, 1975.

Leer Buckley, Lexington, for appellants.

Donald D. Waggener, Asst. Corp. Counsel, Lexington, for appellees.

STERNBERG, Justice.

This is an appeal from a Fayette Circuit Court order dismissing a petition for an injunction, pursuant to KRS 80.700, prohibiting the enforcement of an order of the Lexington Housing Board of Appeals. The Housing Board had ordered the demolition of a structure owned by the appellants at 156 North Eastern Avenue, Lexington, Kentucky, because the structure was unfit for human habitation, occupancy, or use.

Appellants filed a petition for injunctive relief in the Fayette Circuit Court on June 23, 1972, and appellees' answer was filed on August 2, 1972. No further action was taken until May 23, 1974, when appellee City of Lexington filed a motion to dismiss the case for failure of the appellants to prosecute. An order, signed by counsel for both appellants and appellees, scheduled a hearing on July 3, 1974, on this motion. Counsel for appellants failed to appear at the hearing.

On July 7, 1974, the trial judge rendered an opinion and on July 25, 1974, an order dismissing the action was entered. The appellants are appealing from the dismissal.

CR 41.02(1) provides:

"For failure of the plaintiff to prosecute or to comply with these Rules or any order of the court, a defendant may move for dismissal of an action or of any claim against him."

Clay, Ky. Practice, 3rd Ed., Civil Rule 41.02, Comment 3, points out:

" * * * What would constitute such failure to prosecute as to warrant a dismissal must be determined by the circum-

stances of each particular case. Unreasonable delay which harasses the defendant is obviously an important consideration. *Such unreasonable delay could result from failure of the plaintiff to take any steps after filing his complaint, or failure to attend a pretrial hearing,* or failure to be ready for trial. The matter is within the discretion of the court, and a reasonable excuse for delay or failure to prosecute would justify a refusal to dismiss." (Emphasis added)

■ Thus, the sole question in this appeal is whether the circuit court abused its discretion in dismissing the action for failure to prosecute. After filing their complaint, appellants remained inactive in the case for over two years. Then, on July 3, 1974, counsel for appellants failed to attend a pretrial hearing on the motion to dismiss. These two factors are an adequate basis for the trial judge's discretionary decision to dismiss. See Clay, Ky.Prac., 3rd Ed., CR 41.02, Comment 3; *Modern Heating and Supply Co. v. Ohio Bank Building and Equipment Company,* Ky., 451 S.W.2d 401; *Gill v. Gill,* Ky., 455 S.W.2d 545.

■ Appellants argue that a *permanent* injunction was issued in a prior action (No. 20073) between the parties involving the same property. It is contended that this *permanent* injunction in the prior action (No. 20073) justified the failure to prosecute this action (No. 33516).

First, it should be noted that appellants have misinterpreted the nature of the injunction in the prior action. The final order entered on November 23, 1971, agreed to by counsel for appellants, states:

"By agreement of the parties the judgment entered herein on November 19, 1971, is amended *striking therefrom the provision making the injunction permanent.*" (Emphasis added)

Second, the prior action was based on conditions found in the structure prior to January 18, 1967, while the instant action is based on different conditions existing in the

structure before January 27, 1972. KRS 80.700 provides injunctive relief against only the condemnation order under review in the case before the court. The statute does not provide for an injunction against an order which may be issued in subsequent proceedings. Therefore, the injunction in the prior case has no bearing on the instant case.

Appellants' remaining arguments are addressed to the merits of their claim and not to the issue before this court on appeal. Since these arguments are not relevant, they will not be given further treatment.

The trial court did not abuse its discretion in dismissing the action for failure to prosecute.

The judgment of the Fayette Circuit Court is affirmed.

All concur.