OPINION AND ORDER

The Court, having considered the briefs of movant and respondents and having heard oral argument in this matter, is of

**Dr. D. V. SUBLETT et al., Movants,**

v.

**Lawrence HALL et al., Respondents.**

Supreme Court of Kentucky.

Oct. 30, 1979.

C. Kilmer Combs, Tarrant, Combs & Bullitt, Lexington, Bruce Stephens, Jr., Hazard, for movants.

J. K. Wells, Wells, Porter & Schmitt, Paintsville, for respondents.

STERNBERG, Justice.

Ken-Ny Securities Corporation, hereinafter referred to as Ken-Ny, was a record titleholder of a tract of coal land and Lawrence Hall and William J. M. Polan were its lessees. Movants Subletts' claim of ownership arises by reason of inheritance from their father, who in turn on May 23, 1946, received a deed for this property as the result of a sheriff's sale for delinquent taxes. Both Ken-Ny and the Subletts were, therefore, claiming title to the same tract of land. On March 20, 1975, Ken-Ny and Hall commenced these proceedings against the Subletts, pursuant to the provisions of KRS 411.120, seeking to have the court declare the rights of all of the parties. Issues were duly made as to the ownership of the subject land and as to the right of Ken-Ny to maintain this action.

On August 16, 1975, pursuant to the motion of Ken-Ny and Hall, which was filed on July 25, 1975, the court entered an order dismissing Ken-Ny as a plaintiff and adding it as a defendant therein. On August 16, 1975, Ken-Ny, as a defendant, filed an answer admitting all of the allegations of the complaint and joined in the demands and relief therein sought. On September 13, 1975, Hall, who at that time was the only plaintiff, moved that the action be dismissed without prejudice as to the defendant Ken-Ny. During the course of the litigation Ken-Ny was called upon by the Subletts to produce two named persons so that their depositions could be taken, which Ken-Ny failed and refused to do. On August 13, 1975, the Subletts moved the court for sanctions against Ken-Ny. On October 15, 1975, the trial court granted the relief sought. The sanction order in part provides:

"* * * it is now ordered that the defendant, Ken-Ny Securities Corporation, be and it is hereby dismissed from this litigation, with prejudice, provided, however, that this order is interlocutory, only, and the final disposition this Defendant, will be determined upon submission and judgment."

The court properly classified the order as interlocutory.

On November 22, 1975, the Subletts filed a motion for summary judgment, and on November 28, 1975, Hall likewise filed a motion for summary judgment. While said motions were pending, a motion was made by Polan to intervene and to be substituted as a plaintiff in the name, place and stead of Hall. On November 8, 1976, Polan's motion was granted in part and he was made a co-plaintiff with Hall. On January 22, 1977, the two plaintiffs, Hall and Polan, made a motion that the court dismiss the whole action without prejudice. On March 21, 1978, the trial judge entered the following order:

"On motion of Plaintiffs and after hearing of parties by counsel, and the Court being advised, Plaintiff Lawrence Hall is seriously ill, it is now ordered that this action be and it is hereby dismissed, without prejudice, at the cost of Plaintiffs."

From this order the Subletts appealed to the Court of Appeals of Kentucky. On November 10, 1978, the Court of Appeals rendered its opinion wherein the aforementioned order of March 21, 1978, was vacated

and the case remanded to the trial court for further proceedings. This court granted review on April 24, 1979.

Even though this is an action for the declaration of the rights of the parties, the trial court did not concern itself with the substantive law, that which creates duties, rights and obligations. It did, however, concern itself with the machinery for carrying on the lawsuit (procedural law). In doing so, the court did not decide the ownership of the subject property nor the rights, duties or privileges of the lessees. The trial court did determine, and we think correctly, that it had jurisdiction to enter the subject orders. At the time of the order dismissing without prejudice, Ken-Ny had been stricken as a plaintiff and had been made a defendant. Having entered the orders, we presume the trial judge made such determination.

In the opinion of the Court of Appeals, it is written: "We determine, at this state of the proceedings, that there is one primary issue which is the correctness of the order of dismissal without prejudice."

■ We concur that the propriety of the order dismissing without prejudice is the primary issue and that the effects of the orders are not in question. We must bear in mind that the October 15, 1975, order was not an unequivocal dismissal with prejudice. It specifically provided that it was interlocutory only and that the ultimate ruling was put off until final judgment. It makes no difference by what name the order is denominated; it is the character of the order that controls. In this case then, the full determination of the Subletts' motion for sanctions against Ken-Ny was not to be made until further order (judgment). This order was truly interlocutory and non-appealable. *Hale v. Deaton*, Ky., 528 S.W.2d 719 (1975).

In writing of the order of October 15, 1975, movants state: "This order was entered pursuant to motions by the Subletts for Rule 37 sanctions over objections by Appellees."

CR 37.02(2)(c) provides:

*"Sanctions by Court in Which Action is Pending.*

If a party or an officer, director, or managing agent of a party or a person designated under Rule 30.02(6) or 31.01 to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under Rule 37.01 or Rule 35, the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:

\* \* \* \* \* \*

(C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party."

■ CR 37.02(2)(c) applies solely and only to *situations where there has been a failure to comply with an order of court.* In the subject action there was no order of court directing Ken-Ny to do anything, much less direct its president and secretary to give their depositions for any purpose. The Subletts' motion was not within the provisions of CR 37.02(2)(c). CR 30.01 provides for the taking of depositions, and a person who fails to testify or give his deposition, after being duly served with proper notice, may be ordered to do so by the court. Upon failure, he may be disciplined by the court, including those sanctions authorized by CR 37.02(2)(c). Even though the Subletts were not entitled to sanctions under CR 37.02(2)(c), they were entitled to proper relief under CR 37.04. These sanctions would include such penalties as are provided by the order of October 15, 1975.

The motion of Hall and Polan to dismiss the action without prejudice is in words and figures as follows:

"Plaintiffs move, pursuant to CR 41.01, that this action be dismissed, without prejudice, and as grounds for said motion state that:

*First*: Defendants' answer does not include a counter-claim and although dis-

covery depositions have been taken and defendants have filed a motion for summary judgment, defendants have taken no proof on the merits and the case has made very little progress towards submission and judgment.

*Second*: This action is for a declaration of rights as to the validity of a sheriff's sale and deed under which defendants, the Subletts, claim title to certain coal properties in Magoffin County, but defendants have injected into the action such issues a champerty in plaintiffs' lease and the status of the unqualified non-resident lessor to execute the lease, which are entirely collateral to the real issue involved.

*Third*: After dismissal, the non-resident corporate lessor would qualify to do business in Kentucky and would thereupon execute a new lease to plaintiffs, thereby eliminating these purely technical issues and simplifying any subsequent litigation."

The response of the movants Subletts is as follows:

"Come now the Defendants and for response in opposition to Plaintiffs' motion to dismiss without prejudice and states as follows:

1. This action was filed on March 20, 1975, and has now been pending nearly two years. The pleadings were duly made up and the issues in the case presented and joined. The very first defense pleaded in the Defendants' answer filed herein was the incapacity of the Plaintiffs to sue, and Plaintiffs have delayed nearly two years without attempting to comply with KRS 271A.610; and after this case is under submission on both parties' motions for summary judgment. For the court to grant dismissal now without prejudice would only permit further delay in this case, and would be prejudicial to the Defendants and an imposition upon this court's time.

2. The Plaintiffs during the pendency of this action have continuously engaged in obstructionism and delaying tactics, including refusal to permit officers of a party plaintiff to make discovery and the refusal of the Plaintiff to have transcribed and filed depositions of the Plaintiff for nearly a year, and then only after repeated motions before this court for directive orders.

3. This case has been under submission to the court upon the motion of the Defendants for summary judgment and cross motion of the Plaintiff for summary judgment for more than a year, and the brief of both parties for and in opposition to said motions have been filed, and this motion to dismiss is filed too late under CR 41.01.

4. The pleadings, exhibits, affidavits, and evidence in the record of the case clearly show that the Plaintiff cannot prevail in this action nor any subsequent action arising out of the same claim or transaction and it would be unfair and unjust to the Defendants to grant dismissal without prejudice and further delay the obvious outcome in the case.

5. The Defendants have been put to great expense in the preparation and defense of this action, and this case is ripe for decision by this court, all issues having been fully developed and presented by the motions for summary judgment filed by both parties herein and the decision of which will fully and finally dispose of this case.

6. The Defendants say that the motion to dismiss without prejudice is made for delay only.

7. The motion does not state sufficient grounds to justify putting the parties to additional expense and loss of time called for in the motion, and the identical issues would be raised in any new action filed by the Plaintiffs or either of them.

8. The coal and mineral rights which are the subject matter of this action are now and at all times during the pendency thereof been under lease to a mining company which has declined to mine coal

from said property while the cloud created by this action is pending, and to permit the Plaintiffs to further delay, stall, and obstruct the proceedings in this case is unfair, inequitable, and prejudicial to the rights of the Defendants herein and its lessee.

9. Defendants cite and rely upon CR 41.01(2) and 5 Moores Fed.Prac. pp.1059–1066.

WHEREFORE, Defendants pray that the motion to dismiss without prejudice be overruled and for the entry of judgment in favor of the Defendants pursuant to Defendant's motion for summary judgment heretofore filed and submitted to the court, and in the alternative, if said prayer is not granted, and the motion to dismiss without prejudice is sustained, Defendants pray for judgment against the Plaintiffs for all of their expenses in the defense of this action, including attorneys fees, and for all their costs herein expended."

Voluntary dismissals are dealt with in CR 41.01. Subsection (2) thereof provides:

"By Order of Court. Except as provided in Section (1) of this Rule, an action, or any claim therein, shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this Section is without prejudice."

██ The trial court does not have unlimited discretion under CR 41.01(2) to dismiss with or without prejudice. *Jenkins v. City of Lexington*, Ky., 528 S.W.2d 729 (1975).

The question then in this appeal is whether the judge of the Magoffin Circuit Court

abused his discretion in dismissing the action without prejudice pursuant to the motion of Hall and Polan. *Jenkins v. City of Lexington*, supra.

██ Many things must be taken into consideration by the trial judge prior to entering an order dismissing an action without prejudice. Some of the salient inquiries that the judge may desire to make could be:

1. What preparation has the opposing parties and their counsel made for trial?

2. What was the lapse of time between the filing of the complaint and the date of the motion to dismiss?

3. Will a dismissal without prejudice be prejudicial to the opposing parties?

4. Will the dismissal without prejudice act as an adjudication of the issues made by the pleadings?

5. Should the order of dismissal contain terms and conditions?

6. Would any term or condition attached to the order prejudice the movant?

In essence, the basic criterion is whether the opposing party will suffer some substantial injustice or be substantially prejudiced. When we consider the full facts developed in this case, we do not find that the trial judge, in entering the order of October 15, 1975, or the order of March 21, 1978, abused his discretion.

We have limited this opinion to the consideration and determination of procedural issues and not substantive ones. In other words, we are not determining the effect of these orders on the rights, duties, privileges and responsibilities of the litigants as they are not before this court.

It appears that the Court of Appeals meant for respondents to pay the costs that had accrued in the circuit court, including as a part there an attorney's fee for movants' counsel. The trial judge, in his order of March 21, 1978, did provide that the costs in the circuit court should be paid by respondents. The trial judge did not, however, award an attorney's fee. Evidently, he did not deem the award of attorneys'

fees to be proper. We cannot second guess the trial judge.

The decision of the Court of Appeals is reversed, and the judgment of the Magoffin Circuit Court is affirmed.

All concur, except LUKOWSKY and STEPHENSON, JJ., who concur in result only.