**NORTHERN KENTUCKY PORT AUTHORITY, INC., Movant,**

v.

**Charles Lester CORNETT, et al., Respondents.**

Supreme Court of Kentucky.

Nov. 3, 1981.

Rehearing Denied Jan. 5, 1982.

Larry J. Crigler, J. B. Rees, Burlington, for movant.

Kurt A. Philipps, Spalding, Grause, Robinson & Arnzen, Covington, for respondents.

STERNBERG, Justice.

This action involves the right of the movant to acquire a tract of land which lies wholly in Campbell County, Kentucky, by condemnation. On May 22, 1979, the Northern Kentucky Port Authority, Inc., hereafter referred to as "Authority", filed a petition in the circuit court of Campbell County, Kentucky, to acquire 12 acres of land owned by respondents. All of this acreage is designated to be used as a part of the riverport. The action came before the circuit judge at the behest of movant for an interlocutory judgment pursuant to the provisions of KRS 416.610(4). The trial court held that, "The Port Authority has the right to acquire land by eminent domain for the public use of operating a riverport, but where the Port Authority cannot legally operate a riverport unless and until it obtains permission of the United States Corps of Engineers, the proceeding to condemn land is premature and cannot be exercised." On appeal to the Court of Appeals that court, although concurring in the result reached by the trial court, arrived at the same final conclusion by another route. It held that, ". . . until federal sanction of this taking has been issued, the 'right' of eminent domain remains limited and cannot vest as an exercisable right." On April 7, 1981, 617 S.W.2d 393, this court granted review.

The issue presented here is whether the Authority can condemn land which is needed for the construction of a riverport, which is a public use, prior to securing permission from the federal government for the construction of the project. It is one of first impression in Kentucky.

The Authority is the product of a joint and concurrent action of the fiscal courts of Campbell, Kenton and Boone Counties, Kentucky, acting pursuant to the provisions of KRS Chapter 65. The purposes for creating the Authority were to provide for a riverport and for economical development in that region. Both the creation of the Authority and the project in which it is presently engaged are in accordance with the statutory design. As to the issue, there

is no doubt but that at sometime the Authority must secure permission from the United States Corps of Engineers for the construction of such a project and must secure approval of the plans and specifications of the improvement.

In *Usher & Gardner, Inc. v. Mayfield Independent Board of Education*, Ky., 461 S.W.2d 560 (1971), a landowner whose land was being taken in condemnation challenged the right to take on the basis that the statutes required that detailed plans and specifications must be approved by the State Superintendent of Public Instruction, which had not been done. This court called attention to the fact that the statutes assure state control over the erection of new school buildings or additions to the existing school buildings. The Authority has, in good faith, applied to the Corps of Engineers for permission to construct and operate the riverport. The uncontradicted proof is that the Authority has every reason to believe that permission will be granted. There is nothing in the record to indicate that it will not be given. In the instant case, whether the permit is issued prior to the development of the necessary plans, prior to the commencement of construction or during construction, or subsequent thereto, is a matter properly addressed the United States Corps of Engineers.

Action must be tempered with wisdom. Is it wise, proper, or necessary that this court construe the statutes applicable to the present condemnation proceeding so narrowly that we defeat the very purpose for which the statutes were adopted? It is not conceivable that all phases of the development of the riverport be completed simultaneously or completed within a reasonable time, one from the other, before condemnation proceedings may be instituted. In *Sellors v. Town of Concord*, 329 Mass. 259, 107 N.E.2d 784 (1952), the Supreme Judicial Court of Massachusetts said:

"... That a possibility exists that the land may not be devoted to the proposed uses cannot be denied. But in the absence of evidence that the town cannot reasonably expect to achieve its public purposes, we cannot deny its right to take land by eminent domain. Obviously in the carrying out of the projects contemplated by the town many steps must be taken, and they cannot all be taken at once. The town would hardly be in a position to ask the board of appeals for permission to use the land for municipal purposes before it had acquired the land...." 107 at 786.

In *Falkner v. Northern States Power Co.*, 75 Wis.2d 116, 248 N.W.2d 885 (1977), the Supreme Court of Wisconsin considered a challenge to eminent domain proceedings on the basis that it is conceivable that the land may not be used. In disposing of this issue, the court wrote:

"... There will always be some possibility that a planned improvement will not be completed and put to the use intended. The test cannot be whether it is possible, whether it is conceivable that the project would fail. The test must be whether there is a reasonable assurance that the intended use will come to pass. If there is reasonable probability that the public utility will comply with all applicable standards, will meet all requirements for the issuance of necessary permits, and will not otherwise fail or be unable to prosecute its undertaking to completion, there is a right of condemnation." 248 N.W.2d at 893.

The condemnor has acted in good faith, with a reasonable assurance that the project will come to pass. This test has been followed in other jurisdictions, and since the issue presented here is one of first impression, we choose to follow the Wisconsin and Massachusetts lead.

The decision of the Court of Appeals and the judgment of the Campbell Circuit Court are reversed, and this action is remanded to the trial court for proceedings consistent with this opinion.

All concur.