**NORTHERN KENTUCKY PORT AUTHORITY, INC., Movant,**

v.

**Charles Lester CORNETT, and Lucille Cornett, His Wife, Respondents.**

Supreme Court of Kentucky.

Sept. 26, 1985.

Rehearing Denied Dec. 19, 1985.

Larry J. Crigler, Burlington, J.B. Rees, Florence, for movant.

Kurt Phillips, James T. Whittle, Covington, for respondents.

## OPINION OF THE COURT

We granted discretionary review to consider the validity of an award of attorney's fees to a condemnee when the condemnor, after prolonged litigation, dismissed the action to condemn the property. The case was submitted upon briefs without oral argument.

After a study of the record and consideration of the briefs, we have concluded that the Court of Appeals correctly determined the matter and we adopt the opinion written by Judge Howerton for the Court of Appeals, which is as follows:

"The Cornetts appeal from a judgment of the Campbell Circuit Court denying them expenses and attorney fees resulting from their defense of a condemnation suit brought by the Northern Kentucky Port Authority, Inc. The suit was abandoned after four years of prosecution in the Campbell Circuit Court, the Court of Appeals, and the Supreme Court of Kentucky. The Cornetts present two allegations of error. They claim that the circuit court erred by determining that it lacked authority to award attorney fees as a term and condition of a voluntary dismissal under CR 41.01. They also contend that the court erred by refusing to allow discovery on the issue of the Port Authority's bad faith in maintaining its condemnation suit.

"The Port Authority is an official body politic organized by the Campbell, Kenton, and Boone County Fiscal Courts pursuant to KRS Chapter 65. The Port Authority filed this action on May 22, 1979, to acquire approximately 12.36 acres of land owned by the Cornetts. It proposed to use the land to develop a river port on the Licking River. The circuit court determined that the Port Authority had the right of eminent domain but dismissed the action as being premature, since the Port Authority had not satisfied the legal prerequisite of obtaining permission for the port by the United States Corps of Engineers. The Court of Appeals affirmed the decision, but the Supreme Court of Kentucky reversed it. The Supreme Court determined that the only requirement to proceed in condemnation was a good faith application to the Corps and a reasonable expectation of obtaining the permit. On remand, appointed commissioners appraised the property at $209,000. The circuit court granted interlocutory relief to the Port Authority and authorized a taking of the land upon payment of the just compensation.

"In October 1982, the Cornetts served written interrogatories on the Port Authority and moved the court to compel production of various documents. The purpose of the Cornetts' action was to obtain discovery as to the possible bad faith of the Port Authority in filing and continuing the condemnation action. The Port Authority objected to the amount of the appraisal and, on February 11, 1983, moved the court to dismiss the case without prejudice to its filing a new action in the future. The Cornetts requested the court to award them their expenses in defending the lawsuit, including attorney fees, as part of the terms and conditions for dismissal pursuant to CR 41.01(2). The Campbell Circuit Court dismissed the action without prejudice in May, 1983, but it denied the Cornetts' request for costs and attorney fees.

■ "Kentucky case law provides that, absent bad faith or unreasonable delay, a condemnor is not liable for any damages incurred by the landowner when the condemnation proceedings are abandoned before the owner's right to compensation is vested. *J.F. Schneider & Son, Inc. v. Watt*, Ky., 252 S.W.2d 898 (1952), *Kroger Co. v. Louisville & Jefferson County Air Board*, Ky., 308 S.W.2d 435 (1958), and *Commonwealth v. Fultz*, Ky., 360 S.W.2d 216 (1962). However, none of these cases involved the abandonment of proceedings pursuant to CR 41 relating to voluntary dismissals.

"The Kentucky statutory law on the subject is found in the Kentucky Eminent Domain Act. KRS 416.650 provides that the Kentucky Rules of Civil Procedure are to apply to the Act, 'except where the provisions of KRS 416.550 to 416.670 specifically or by necessary implication provide otherwise.' We find nothing specific or implied in the Act which would prevent the application of CR 41.01(2) which reads:

'Except as provided in Section (1) of this Rule, an action, or any claim therein, shall not be dismissed at the plaintiff's insistance save upon order of the court and upon such terms and conditions as the court deems proper.'

■ "What conflict, if any, exists between the case law and the statutory law? On behalf of the case law, a condemnor may abandon proceedings at its whim, with no liability, as long as good faith is involved. As for the statutes and court

rules, the terms and conditions of a court-approved voluntary dismissal can apply to the abandonment of an eminent domain proceeding. The common law is in force in Kentucky, except as modified by a statute. *Commonwealth v. Allen*, 235 Ky. 728, 32 S.W.2d 42 (1930). However, '[r]epeals (of common law) by implication are not favored and never declared unless clearly made to appear.' *Benjamin v. Goff*, 314 Ky. 639, 236 S.W.2d 905, 906 (1951).

"We do not consider the conflict between the common law, and the statute and rule, to be an outright repeal of the case law. The change is primarily a modification of an exception which is applicable under certain circumstances. Even the common law permitted damages in the case of bad faith or unreasonable delay. The two sets of laws are therefore reconcilable and appear to allow the trial court to establish certain terms and conditions for a voluntary dismissal in the event of bad faith or an unreasonable delay. But, are litigation costs and fees recoverable?

"Kentucky generally does not allow attorney fees as a part of costs in the absence of a statute. One case, however, considered the 'terms and conditions' language of CR 41 and held that the Kentucky Court of Appeals could not order an award of attorney fees upon a voluntary dismissal when the trial court authorized only costs. *Sublett v. Hall*, Ky., 589 S.W.2d 888 (1979). The court recognized the power and discretion given to trial courts under CR 41 and impliedly indicated that the trial court might make an award of fees as a part of costs when considered as a part of equitable 'terms and conditions' in granting a voluntary dismissal. Attorney fees were awarded as a term or condition in a voluntary dismissal under the comparable federal rule, FRCP 41, in *Yoffe v. Keller Industries, Inc.*, 580 F.2d 126 (5th Cir.1978).

"Since Kentucky case law provides that a condemnor is not liable upon abandonment of condemnation proceedings absent bad faith or unreasonable delay, the question remains whether those factors must be present to support an award as a term and condition of a voluntary dismissal. We generally reject the idea of allowing fees and certain costs incurred in the defense of a condemnation action. When the action is completed, the condemnee recovers his expense through his award of just compensation. In the case of a successful defense, he has won and prevented the taking of his property. We do not want to place the litigants in the position of allowing a landowner to gamble on litigation rather than to accept legitimate offers of settlement. Such could increase the cost to the public of acquiring property and place an additional burden on the judicial process. However, when bad faith or unreasonable delay can be shown, and there is definite prejudice and damage to a condemnee, we see no reason to deny any recovery.

"Considering the right of eminent domain, Kentucky case law, the Eminent Domain Act, and the apparent recognition in Kentucky of the court's discretion to award expenses under CR 41, we conclude that costs and attorney fees may be awarded in a voluntary dismissal of an attempted condemnation upon a finding of bad faith or unreasonable delay by the condemnor. If a trial court should determine that the condemnor has acted in bad faith, it should also determine the extent to which the condemnee has been prejudiced by a dismissal and whether he could be made reasonably whole by the imposition of costs and fees as a term or condition to the granting of the dismissal.

"Cr 41 is quite clear that an award is within the power and discretion of the trial court. From the opinion of the Campbell Circuit Court in this action, it is apparent that the trial judge was unaware of his power to make such an award. Under such circumstances, the Campbell Circuit Court has not yet exercised its discretion in this matter. *Adkins v. Adkins*, Ky.App., 574 S.W.2d 898 (1978). The Cornetts have made several efforts to show bad faith on the part of the Port Authority. So far, however, they have not been given an opportunity to present any evidence which might allow them to prove their point.

■ "The Port Authority vigorously argues that the question of good faith has already been settled by the Kentucky Supreme Court. In *Northern Kentucky Port Authority, Inc. v. Cornett*, Ky., 625 S.W.2d 104 (1981), the court's opinion provided that, '[t]he condemnor has acted in good faith, with a reasonable assurance that the project will come to pass.' This statement was made in the first appeal in this action. In reading the opinion as a whole, however, we determine that the statement is not the law of the case as it relates to good or bad faith in all respects of the conduct of the litigation. The statement pertained only to the Port Authority's efforts to apply for a permit from the Corps of Engineers. In this sense, they acted in good faith with a reasonable assurance that the project would come to pass. No court has yet considered whether the Port Authority gave the Cornetts the runaround to cause them enormous defense expenses and wear them out, forcing some settlement in favor of the Port Authority.

"The judgment of the Campbell Circuit Court is reversed, and this case is remanded for further proceedings consistent with this opinion.

"ALL CONCUR."

The decision of the Court of Appeals which reversed the judgment of the trial court is affirmed.

AKER, GANT, STEPHENSON, VANCE and WINTERSHEIMER, JJ., concur.

STEPHENS, C.J., dissents by separate opinion in which LEIBSON, J., joins.

STEPHENS, Chief Justice, dissenting.

Respectfully, I dissent.

What the majority has done in this opinion is to permit a trial court to award attorney fees in a case where a legally qualified condemnor has voluntarily abandoned condemnation proceedings. In arriving at this conclusion, the majority has used CR 41 as the basis for its decision. I disagree. CR 41.01(2) states as follows:

(2) **By Order of Court.** Except as provided in paragraph (1) of this Rule, an action, or any claim therein, shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this Section is without prejudice.

A reading of this rule—adopted by this court—in no way, shape or form, either expressly or impliedly, justifies the conclusion that it can be used as a basis for awarding attorney fees—to anyone, for any purpose.

In the absence of an express statute imposing liability for attorney fees, a condemnee is not permitted to recover attorney fees from the condemnor. 27 Am Jur 2nd, Eminent Domain § 465; 30 CJS Eminent Domain § 339, 6 Nichols, Eminent Domain § 26.45 (3rd Ed.Rev.1972). See also, in Kentucky, *Kroger Co. v. Louisville & Jefferson County Air Board*, Ky., 308 S.W.2d 435 (1958); *Commonwealth v. Fultz*, Ky., 360 S.W.2d 216 (1962).

It is also clear that this Court and its predecessor has been very reluctant to award attorney fees to any winning party, in any type of lawsuit, in the absence of a statute or a specific agreement between contracting parties.

What this majority has done, therefore, is to use a civil rule which neither expressly or impliedly allows attorneys fees, to, in effect, overrule specific cases and to change a long standing policy of th's court. This is a bad precedent to set and I believe we will live to regret this opinion. The proverbial floodgates will be opened to requests for an attorney fees in every conceivable case, and courts, at all levels, will spend more of their already limited time in dealing with this new precedent.

If the condemnor in this case has acted in bad faith, it is clearly subjected to a suit for abuse of process which is an adequate and a proper remedy in these circumstances.

Lastly, I believe we have already ruled that the movant in this case, the condemnor, has ·acted in good faith. *Northern Kentucky Port Authority, Inc. v. Cornett*, Ky., 625 S.W.2d 104, 105 (1981). It is clear that our statement therein that "... the condemnor has acted in good faith, with reasonable assurance that this project will come to pass ..." constitutes the law of the case, and is, therefore, binding and dispositive of the issue.

I would reverse the Court of Appeals. I am authorized to state that LEIBSON, J., joins me in this dissent.