**LOUISVILLE LABEL, INC., Anne Diemer and Delmer Williams, Movants,**

v.

**Laverne HILDESHEIM, Administratrix of Estate of John Hildesheim, Respondent.**

No. 92–SC–057–DG.

Supreme Court of Kentucky.

Dec. 17, 1992.

Michael A. Luvisi, Donna King Perry, Louisville, for movants.

Henry K. Jarrett, III, Louisville, for respondent.

LEIBSON, Justice.

This case involves issues of trial and appellate procedure generated by an order of dismissal without prejudice entered pursuant to Subsection (2) of CR 41.01, styled *"Voluntary Dismissal; Effect Thereof."*

The case originates in a lawsuit filed in Jefferson Circuit Court against Louisville Label, Inc., and two employees, Anne Diemer and Delmer Williams (hereinafter, "Louisville Label"), by another employee, Carolyn Childress, alleging assault, negligence and outrageous conduct. Allegedly in response to certain evidence developed during the course of discovery, Louisville Label filed a Third–Party Complaint against two other employees, John Hildesheim [1] and Kenyon Hall, alleging that the harm suffered by Childress, if any, was a result of actions by Hildesheim and Hall.

Ultimately Louisville Label settled Childress' claim and upon doing so moved the trial court to dismiss their Third–Party Complaint against Hildesheim without prejudice. In response to this motion Hildesheim argued to the trial court that, instead of dismissing the Third Party Complaint without prejudice, the court should either dismiss with prejudice, or, in the alternative, if the dismissal was to be without prejudice, condition dismissal upon payment to Hildesheim of attorney's fees and

---

**1.** John Hildesheim died during the pendency of this appeal and his claim is now prosecuted in the name of Laverne Hildesheim as Administratrix of his estate.

litigation expenses incurred in defending the third-party claim.[2]

Hildesheim's primary argument to both the trial court and the Court of Appeals has been that he was entitled to have the case dismissed *with* prejudice rather than without. He did *not* argue either to the trial court or on appeal that he would have any right to attorney's fees and litigation expenses if this position were sustained. Further, at *no* time has Hildesheim specifically pointed to any place in the trial record asserting a claim that the Third Party Complaint was frivolous, or made or prosecuted in bad faith, albeit in his Brief to our Court Hildesheim asserts that this issue is preserved because of a statement made by counsel for his opponent, Louisville Label, to the trial court to the effect that "they [Louisville Label] expected a claim for malicious prosecution to be filed by John Hildesheim." Hildesheim claims this "indicates the issue of bad faith had been raised, at least between the parties." In response, in our Court Louisville Label's counsel has argued that the reason for wanting the Third–Party Complaint dismissed without prejudice was to leave open the possibility of refiling their claim against Hildesheim in the event certain contingencies in the settlement agreement with Childress should be violated and the Childress claim should be reactivated.

In any event, the final order of the trial court elected to dismiss the Third–Party Complaint against Hildesheim "without prejudice, with leave to refile provide[d] all Mr. Hildesheim's costs & expenses are paid as a condition to refile (cost & expenses at $6300)." Only Hildesheim appealed, and it is this order which was his bone of contention on his appeal.

Louisville Label filed no cross-appeal, being prepared to accept dismissal without prejudice *and* the condition imposed upon them requiring they must pay "costs and expenses at $6300" "as a condition to refile." The assumption throughout has been that this sum, designated "cost &

expenses at $6300," represents litigation expenses, primarily attorney's fees, incurred by Hildesheim to the time of dismissal. The Court of Appeals refers to this sum as "full costs."

The Court of Appeals' Opinion did not specifically address whether Hildesheim was entitled to have the Third–Party Complaint against him dismissed with prejudice, moving on instead to the propriety of the action taken by the trial court when it entered an "order dismissing without prejudice, and conditioning any refiling upon payment of all costs, including attorney's fees" rather than at the time of dismissal requiring an immediate award of "full costs." The Court of Appeals attempted to analyze the trial court's options "under CR 41.01," and concluded:

> "[W]e think an order dismissing without prejudice and conditioning payment of full costs upon refiling of the case is flawed conceptually, both from a finality and fairness standpoint. As a result, we conclude the trial court abused its discretion by conditioning payment of costs upon refiling.... Hildesheim will suffer a substantial injustice or be substantially prejudiced if the claim against him is not foreclosed by a dismissal with prejudice, or he is not restored to his position prior to the suit by an immediate award of full costs....
>
> ....
>
> We would ordinarily remand for a decision by the trial court between a dismissal without prejudice conditioned upon payment of Hildesheim's full costs or a dismissal with prejudice. In this instance, however, since the amount and the propriety of the award have already been ruled upon, we remand for entry of an order dismissing without prejudice, and awarding Hildesheim's costs and fees."

Louisville Label's motion for discretionary review argues the following:

1) The trial court's order dismissing without prejudice with no attorney's fees

---

2. Apparently the other third-party defendant, Hall, executed a mutual release with Louisville Label, and has no further interest in this matter.

imposed except upon refiling was a proper exercise of the trial court's discretion under CR 41.01(2).

2) The Court of Appeals usurped the discretion vested in the trial court when it directed the trial court to enter a new order "dismissing without prejudice, and awarding Hildesheim's costs and fees" "consistent with [its] opinion."

There is a third issue raised for the first time in our Court by Hildesheim's motion to "summarily" dismiss discretionary review "on procedural grounds" because the "respondent's counsel [Hildesheim's attorney] is an indispensable party" to further review in our Court. Hildesheim argues that failing to name his counsel as an additional party when seeking discretionary review is a "defect [that] cannot be cured because the time for filing an amended motion [for discretionary review] has expired."

Ordinarily the right to attorney's fees upon dismissal from an opposing litigant exists only in those instances where a statute so provides, such as statutory attorney's fees in domestic relations cases pursuant to KRS 403.220 or KRS 403.340, or Civil Rights Act litigation where attorney's fees are authorized by KRS 344.450. Additionally, in *Northern Kentucky Port Authority v. Cornett*, Ky., 700 S.W.2d 392 (1985), we have held that "costs and attorney fees may be awarded in a voluntary dismissal of an attempted condemnation upon a finding of bad faith or unreasonable delay by the condemnor." *Id.* at 394. The controlling rule is thus stated in Wright & Miller, *Federal Practice and Procedure: Civil* § 2364, p. 161–62:

"Dismissal on motion under Rule 41(a)(2) is within the sound discretion of the court, and its order is reviewable only for abuse of discretion."

The Opinion in *Northern Kentucky Port Auth. v. Cornett, supra* at 394, states:

"CR 41 is quite clear that an award [of attorney's fees] is within the power and discretion of the trial court. From the opinion of the Campbell Circuit Court in this action, it is apparent that the trial judge was unaware of his power to make

such an award. Under such circumstances, the Campbell Circuit Court has not yet exercised its discretion in this matter."

In *North Kentucky Port Auth. v. Cornett* we did *not* impose attorney's fees; we remanded for the trial court to decide whether "the condemnor has acted in bad faith," thus justifying an award of attorney's fees and litigation expenses as a condition of dismissal. This is critically different from the present case where the Court of Appeals by its decision exercised the discretion vested within the trial court by CR 41.01(2), directing the trial court to award attorney's fees and expenses.

Under CR 41.01(2), when a claimant asks the trial court to permit voluntary dismissal without prejudice, it is a matter of *equitable relief.* Upon a finding that a claim has been pursued in bad faith, the trial court may condition dismissal upon payment of litigation expenses, but no such finding has yet been made in this case. Here the Court of Appeals directed that attorney's fees must be awarded upon grounds that "current finality concepts and practices" dictate such a result. Neither the Court of Appeals nor Hildesheim has presented us with a viable explanation or any legal authority supporting this view, or with any legal authority to support permitting an appellate court to mandate the trial court "see that Hildesheim is restored to his position prior to the suit by an immediate award of full costs." On the contrary, generally in American law, absent special circumstances as previously discussed, parties must bear their own attorney's fees and litigation expenses except for taxable court costs.

CR 41.01 is styled *"Voluntary* Dismissal; Effect Thereof." [Emphasis added.] The Court of Appeals has lost sight of the significance of such dismissal being *voluntary.* Subsection (1) permits the plaintiff to dismiss "without order of court, by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or by filing a stipulation of dismissal signed by all parties who

have appeared in the action." Subsection (2) provides for dismissal without prejudice "at the plaintiff's instance ... upon order of the court," and it further provides that in the course of sustaining the claimant's motion the court may direct that the dismissal shall be "upon such terms and conditions as the court deems proper." As a matter of equity, under CR 41.01(2) a trial court may deny the motion to dismiss without prejudice or it may provide *equitable* relief by "terms and conditions" for granting the motion. *Sublett v. Hall,* Ky., 589 S.W.2d 888 (1979) addresses this issue, and (at p. 893) lists "some of the salient inquiries that the judge may desire to make" in deciding what to do. *Sublett* was cited in the Court of Appeals' Opinion, but apparently misunderstood because *Sublett* recognizes that this decision is a matter within the trial court's discretion. In *Sublett,* we stated the Court of Appeals could not order an award of attorney's fees upon a voluntary dismissal when the trial court awarded only costs, and not attorney's fees.

■ In appropriate circumstances the trial judge may deny a claimant's motion for a voluntary dismissal, but the "voluntary dismissal" rule, CR 41.01(2), does not contemplate that the trial judge may elect to transform a voluntary dismissal into an involuntary dismissal on the merits, i.e., with prejudice. Elsewhere, in CR 41.02 the rule provides the defendant with a right to move for "involuntary dismissal," on grounds of failure "to prosecute or comply with [the Civil] Rules or any order of the court," and for other reasons specified therein. But CR 41.02 has no application to a *voluntary* dismissal under CR 41.01. Thus at the point in this case where the trial judge entertained Louisville Label's motion for voluntary dismissal without prejudice, within his authority and for appropriate equitable reasons the trial judge had the option to deny the respondent's motion, but the trial judge had no authority to select dismissal with prejudice as an alternative mode of adjudication.

To summarize, the trial court's options were to deny the voluntary dismissal, or to impose appropriate terms as conditions for voluntary dismissal, or to sustain the motion without conditions, selecting such option as equitable to the situation. But the trial court could not turn a motion for voluntary dismissal under CR 41.01(2) into an involuntary dismissal under CR 41.02. Thus Hildesheim's demand for dismissal with prejudice was inherently flawed, and properly rejected by the trial court as an option. The Court of Appeals' Opinion erred when it implied otherwise.

■ If the trial court imposes options upon a voluntary dismissal without prejudice which the litigant seeking to dismiss is unwilling to accept, the movant has the option of withdrawing the motion, and thus leaving the litigation in status quo, rather than acquiescing in the conditions. As stated in Wright & Miller, *Federal Practice and Procedure: Civil* § 2366, p. 177: "If the plaintiff finds the conditions too onerous, he then need not accept the dismissal."

■ A voluntary dismissal is just that: the trial court may require *agreement* to certain conditions before granting it, but may not convert the claimant's motion into an involuntary dismissal. On the other hand, Hildesheim had the right to move for an involuntary dismissal, with prejudice, for any reason provided for by the civil rules. But he had not done so. His right to an involuntary dismissal has never been established in this record.

The trial judge properly refused to dismiss with prejudice, and the Court of Appeals' Opinion is in error in suggesting this was a viable option.

■ The proper procedure is stated in Bertelsman & Phillips, *Kentucky Practice,* 4th Ed., Civil Rule 41.01, p. 50, as follows:

"If ... a motion for voluntary dismissal under Rule 41.01(2) is denied, the action continues and the order is not appealable ... Defendant can appeal if the motion for voluntary dismissal is granted, since this is the final judgment adverse to defendant, but the court's discretion on these motions is broad and defendant is not likely to obtain a reversal."

■ This case is *not* about the *trial* court imposing "full costs," i.e., $6,300 in attorney's fees and litigation expenses, as a condition of voluntary dismissal, but about the *appellate* court imposing such conditions. There is no authority anywhere in the Civil Rules for the appellate court to exercise such prerogative.

Also, this case is *not* about whether the conditions imposed by the trial court were proper. Those conditions were the payment of a specified sum in litigation expenses ($6,300) if, and *only* if, Louisville Label elected to refile the claim it was asking the trial court to dismiss without prejudice. Louisville Label acquiesced in this condition.

In *Quisenberry v. Quisenberry*, Ky., 785 S.W.2d 485, 489 (1990), we took up the question whether a paragraph in the trial court's final order disposing of custody litigation which imposed "$5,000 toward Petitioner's attorney fees previously incurred" and other litigation expenses "if the respondent again moves the court to reopen the custody issue," was an appropriate exercise of authority, stating:

> "[T]he court is not free to prejudge the next motion [for change of custody] as vexatious and harassing, even if there is reason to believe such may be the case based on what has taken place thus far."
> *Id.*

We express no opinion with regard to whether or how the present case differs from *Quisenberry*, and would merit a different result, if Louisville Label were the party complaining. Louisville Label *acquiesced* in the conditions. Louisville Label neither withdrew its motion for voluntary dismissal, nor appealed, nor cross-appealed complaining of the conditions imposed. Thus, for purposes of this case the conditions the trial court imposed are acceptable to the party upon whom they were imposed, and we need not consider what our ruling would be if the situation were otherwise.

The reasons the trial court found it equitable to impose this condition upon Louisville Label before granting voluntary dismissal is not stated. It may have been, as Hildesheim suggests, because the trial court believed the claim being dismissed was vexatious and harassing, or it may have been, as Louisville Label suggests, simply an appropriate equity to protect Hildesheim from having to duplicate the same expenses if Louisville Label should refile the claim. Certainly, since there are no trial court findings, there is nothing for the Court of Appeals to review to justify the conditions it chose to impose. The decision of the Court of Appeals in this respect has foundation neither in law nor in fact, and must be reversed.

■ One final issue remains: Hildesheim has filed a motion to dismiss discretionary review in this Court on grounds that his attorney, to whom the attorney's fee would be payable by reason of the Court of Appeals' decision, is a necessary party to further appellate proceedings. Except for fee-shifting statutes which provide that a trial court may assess an attorney's fee for one party against the other, such as provided for in Civil Rights Act litigation by KRS 344.450 and in divorce litigation by KRS 403.220, the obligation to pay one's own attorney falls upon the person employing the attorney rather than upon the opposing litigant.

The present case does not involve a fee-shifting statute. On the contrary, the award of attorney's fees to Hildesheim, had it been proper, would be by way of equitable reimbursement for a debt for which Hildesheim is, himself, the primary obligor. In these circumstances Hildesheim, not his attorney, is the real party in interest and the indispensable party to the appeal.

Furthermore, we note that it is Hildesheim, not Louisville Label, who filed the first appeal complaining of the manner in which the trial court addressed the attorney's fees issue in its final order. It is Hildesheim's Notice of Appeal that failed to name his attorney as a party to the appeal. Thus, even if we were to sustain Hildesheim's present position that his attorney is an indispensable party to the appellate process, the argument would boomerang. The argument, if true, would mean

that Hildesheim's appeal to the Court of Appeals was fatally defective and should have been dismissed for failing to name an indispensable party.

We overrule Hildesheim's motion to dismiss. Further, for the reasons stated, we reverse the decision of the Court of Appeals, and we reinstate the final order of the trial court.

COMBS, LAMBERT, LEIBSON, REYNOLDS, SPAIN and WINTERSHEIMER, JJ., concur.

STEPHENS, C.J., concurs by separate opinion.

STEPHENS, Chief Justice, concurring.

The majority has affirmed the final order of the trial court which dismissed the Third–Party Complaint against Hildesheim "without prejudice, with leave to refile provide[d] all Mr. Hildesheim's costs and expenses are paid as a condition to refile."

While I believe the Court of Appeals erred for the reasons articulated in the majority opinion, I would remand to the trial court and direct that the conditions on the dismissal be removed. I find no authority under CR 41.01 nor under case law which permits placing such conditions on the dismissal of a Third–Party Complaint.