James L. JENT and Mary K. Jent, Appellants,

v.

**KENTUCKY UTILITIES COMPANY, Appellee.**

and

**CDH Preserve, LLC, Appellant,**

v.

**Kentucky Utilities Company, Appellee.**

and

**Violet Monroe, Appellant,**

v.

**Kentucky Utilities Company, Appellee.**

Nos. 2008–CA–001565–MR, 2008–CA–001566–MR, 2008–CA–001567–MR.

Court of Appeals of Kentucky.

April 23, 2010.

As Modified April 30, 2010.

Discretionary Review Denied by Supreme Court March 16, 2011.

W. Henry Graddy, IV (argued), Elizabeth R. Bennet, Randal A. Strobo, Midway, KY, for appellants.

Sheryl G. Snyder (argued), Griffin Terry Sumner, Jason Renzelmann, Allyson K. Sturgeon, J. Gregory Cornett, Louisville, KY, Robert M. Watt III, David T. Royse, Lexington, KY, for appellee.

Before ACREE and MOORE, Judges; BUCKINGHAM,[1] Senior Judge.

## OPINION

BUCKINGHAM, Senior Judge.

Appellants, James L. Jent and Mary K. Jent, CDH Preserve, LLC, and Violet Monroe, appeal from an interlocutory judgment of the Hardin Circuit Court in favor of Kentucky Utilities Company on its petition to condemn the Appellants' properties. Appellants argue that: (1) Kentucky Utilities was required to obtain a final non-appealable certificate of public convenience and necessity before initiating condemnation proceedings, but it failed to do so; (2) the facts of this case do not support a public need for the construction of transmission lines; (3) the circuit court

incorrectly applied the "reasonable assurance" test; and (4) the circuit court erred by failing to find that Kentucky Utilities acted arbitrarily or in bad faith in the condemnation of Appellants' properties. We affirm.

Kentucky Utilities sought to construct an electric transmission line to support the operation of its new generating unit located in Trimble County. It applied for a certificate of public convenience and necessity from the Kentucky Public Service Commission. In an order dated September 8, 2005, the commission stated that the need for the transmission line had been established, but it denied the application and required Kentucky Utilities to perform a more thorough analysis of alternative routes. After conducting an analysis of alternative routes, Kentucky Utilities reapplied for the certificate. The commission granted Kentucky Utilities the required certificate for the proposed transmission lines. Appellants fully participated as parties in the proceedings before the commission.

Appellants filed a statutory appeal in the Franklin Circuit Court, but the court dismissed the appeal on procedural grounds. This Court reversed in an unpublished opinion. The Kentucky Supreme Court granted discretionary review, which is pending.

Meanwhile, Kentucky Utilities initiated condemnation proceedings in the Hardin Circuit Court to obtain easements over Appellants' property for the construction of the transmission line. The Appellants' cases were consolidated without objection before the trial court.

Appellants filed a motion to dismiss the condemnation as premature or to hold it in

1. Senior Judge David C. Buckingham sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statutes (KRS) 21.580.

abeyance pending the resolution of their appeal of the certificate of public convenience and necessity, but the circuit court denied the motion. The court then held a hearing on Kentucky Utilities' right to condemn the property and entered an interlocutory judgment in favor of Kentucky Utilities. This appeal followed.

Appellants first argue that Kentucky Utilities was required to obtain a final non-appealable certificate of public convenience and necessity before initiating condemnation proceedings. We disagree.

Prior to 2004, transmission lines were viewed as ordinary extensions of existing systems and did not require specific authorization. *Duerson v. East Kentucky Power Co-op., Inc.*, 843 S.W.2d 340, 342 (Ky.App.1992). In 2004, however, the General Assembly amended KRS 278.020(2) to read in part as follows:

> For the purposes of this section, construction of any electric transmission line of one hundred thirty-eight (138) kilovolts or more and of more than five thousand two hundred eighty (5,280) feet in length shall not be considered an ordinary extension of an existing system in the usual course of business and shall require a certificate of public convenience and necessity.

■ Appellants contend that this section, coupled with their right to challenge the issuance of the certificate contained in KRS 278.020(8), requires the exhaustion of the appeals process before Kentucky Utilities will be permitted to initiate condemnation proceedings. Appellants overlook KRS 278.390, which states in part:

> Every order entered by the commission shall continue in force until the expiration of the time, if any, named by the commission in the order, or until revoked or modified by the commission, unless the order is suspended, or vacated in whole or in part, by order or

decree of a court of competent jurisdiction.

■ The mere filing of an appeal does not stay the legal effectiveness of an order of the commission. *Com. ex rel. Stephens v. S. Cent. Bell Tel. Co.*, 545 S.W.2d 927, 931 (Ky.1976). Unless and until the order granting Kentucky Utilities the required certificate is vacated, the order remains in effect. Thus, we conclude that Kentucky Utilities was not required to have a final non-appealable certificate of public convenience and necessity before initiating condemnation proceedings against Appellants' properties.

■ Appellants next contend that there is no public necessity for the construction of the transmission line.

■ Courts review the necessity of a taking for arbitrariness or action in excess of the condemnor's authority. *God's Ctr. Found., Inc. v. Lexington–Fayette Urban County Gov't*, 125 S.W.3d 295, 299–300 (Ky.App.2002). Moreover, "judicial review of necessity is extremely limited and the condemnor's determination of necessity will be respected unless the use is ... 'plainly without reasonable foundation.' " *Id.* at 303 (citation omitted). "Although the factors of necessity and public use associated with condemnation are ultimately legal issues, resolution of those issues encompasses factual matters subject to deferential review on appeal." *Id.* at 300. "The party challenging the condemnation, however, bears the burden of establishing the lack of necessity or public use and abuse of discretion." *Id.*

■ The commission found on two occasions that there was a public necessity for the construction of the transmission lines. The circuit court afforded great weight to this evidence. The court also heard the testimony of several witnesses on the

question of necessity. Appellants do not demonstrate any clear error in any of the circuit court's factual findings. Rather, they simply illustrate conflicts in the testimony of the parties' respective expert witnesses. Issues regarding the weight of evidence and the credibility of witnesses are reserved to the finder of fact. *Id.* We conclude that Appellants failed to meet their burden of establishing a lack of public necessity.

■ Appellants next argue that condemnation proceedings were premature because there is a reasonable question concerning whether Kentucky Utilities will fail to obtain the necessary permits to move forward with the construction of the transmission lines.

In *Northern Kentucky Port Authority, Inc. v. Cornett*, 625 S.W.2d 104 (Ky.1981), the Kentucky Supreme Court adopted the "reasonable assurance" test to determine whether the right of condemnation may be granted when all necessary permits have not yet been obtained. *Id.* at 105. The Court stated:

> There will always be some possibility that a planned improvement will not be completed and put to the use intended. The test cannot be whether it is possible, whether it is conceivable that the project would fail. The test must be whether there is a reasonable assurance that the intended use will come to pass. If there is reasonable probability that the public utility will comply with all applicable standards, will meet all requirements for the issuance of necessary permits, and will not otherwise fail or be unable to prosecute its undertaking to completion, there is a right of condemnation.

*Id.* (quoting *Falkner v. Northern States Power Co.*, 75 Wis.2d 116, 248 N.W.2d 885, 893 (1977)).

In the present case, Kentucky Utilities has already obtained the certificate of public convenience and necessity from the commission. Although the award of that certificate is currently being appealed, the order of the commission remains in effect as stated above. We conclude that there is a reasonable assurance that the construction of the power lines will proceed.

■ Finally, Appellants argue that Kentucky Utilities acted in bad faith throughout the proceedings before the commission and the trial court and, therefore, acted arbitrarily in violation of Section 2 of the Kentucky Constitution.

Appellants have alleged several instances of bad faith by Kentucky Utilities. These allegations are not supported by citation to the record.[2] The record reflects that Kentucky Utilities properly studied alternate locations and that the commission rejected the proposed alternate locations submitted by Appellants. Based upon our review of the record, we cannot conclude that Kentucky Utilities acted in bad faith or arbitrarily in violation of Section 2 of the Kentucky Constitution.

Accordingly, the interlocutory judgment of the Hardin Circuit Court is affirmed.

ALL CONCUR.

---

**2.** *See* Kentucky Rules of Civil Procedure (CR) 76.12(4)(v).