RENDERED:  DECEMBER 5, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-1260-MR

ROCKET MORTGAGE, LLC　　　　　　　　　　　　　　　APPELLANT

APPEAL FROM MASON CIRCUIT COURT
v.　　　　HONORABLE JEFFERY L. SCHUMACHER, JUDGE
ACTION NO. 23-CI-00226

JASON R. BAILEY;
KRISTOFOR A. BAILEY;
UNITED STATES OF AMERICA,
DEPARTMENT OF TREASURY–
INTERNAL REVENUE SERVICE;
TAX BRAKE KY, LLC; AND COUNTY OF
LEWIS, KENTUCKY　　　　　　　　　　　　　　　　　APPELLEES

OPINION AND ORDER
DISMISSING

** ** ** ** **

BEFORE:  CALDWELL, McNEILL, AND MOYNAHAN, JUDGES.

MOYNAHAN, JUDGE:  Rocket Mortgage, LLC, appeals an order of the Mason

Circuit Court dismissing claims it asserted against appellee Jason R. Bailey.  As

outlined below, we lack jurisdiction and must therefore dismiss this appeal.

The relevant background is as follows. On September 27, 2023, Rocket initiated proceedings in Mason Circuit Court against Bailey to enforce a promissory note he had executed and to foreclose a mortgage upon his property securing the note. Rocket also named as defendants several other parties with interests in or liens upon Bailey's property. Two of those other parties – Lewis County, Kentucky, and Tax Brake KY, LLC – responded with counterclaims and cross claims. On July 11, 2024, Rocket then moved to voluntarily dismiss its claims without prejudice, pursuant to Kentucky Rule of Civil Procedure (CR) 41.01(2). The circuit court subsequently dismissed Rocket's claims *with* prejudice. In full, the circuit court's July 26, 2024 order to that effect stated:

> This matter comes before the Court on Plaintiff's motion to dismiss the action; and the Court being at all times otherwise sufficiently advised:
>
> IT IS HEREBY ORDERED AND ADJUDGED:
>
> 1. Plaintiff's claim against the defendant, Jason R. Bailey, is dismissed with prejudice.
>
> 2. All counterclaims and crossclaims filed in this action remain pending.
>
> 3. If no action is taken on the remaining claims within ninety (90) days of the entry of this order, the case will be dismissed for lack of prosecution.[1]

---

[1] The record does not indicate the circuit court has taken any additional action with respect to the counterclaims and cross claims filed by Lewis County, Kentucky, and Tax Brake KY LLC. The last entry – prior to the clerk's certification of the record – is an October 25, 2024 calendar order

4. This matter is set for review on October 25, 2024, at 9:00 a.m. Parties need not appear at that time if a global resolution is reached, and corresponding dispositive orders are tendered prior to that date.

SIGNED this 26th day of July, 2024.

Rocket thereafter moved the circuit court to amend its order to reflect a dismissal *without* prejudice. The circuit court entered an August 23, 2024 order overruling Rocket's motion. This appeal followed. And, as it did below, Rocket maintains it was error for the circuit court to have dismissed its claims with prejudice rather than without it.

To be sure, we are puzzled by the circuit court's disposition. The only ground set forth in the record for dismissing Rocket's claims was Rocket's motion to voluntarily dismiss its own claims without prejudice pursuant to CR 41.01(2); and "the 'voluntary dismissal' rule, CR 41.01(2), does not contemplate that the trial judge may elect to transform a voluntary dismissal into an involuntary dismissal on the merits, *i.e.*, with prejudice." *Louisville Label, Inc. v. Hildesheim*, 843 S.W.2d 321 (Ky. 1992).

However, that point aside, we cannot reach the merits because the matter is not yet ripe for appellate review. The general rule regarding appellate

_____

from the circuit court that merely states, "ON FOR REVIEW. . . . CASE ON APPEAL. . . . NO ACTION TAKEN."

jurisdiction (qualified by some exceptions that do not apply here) is that only the *final* orders of a trial court are appealable, and thus appellate courts lack jurisdiction to consider a trial court's interlocutory rulings. *Hensley v. Haynes Trucking, LLC*, 549 S.W.3d 430, 436 (Ky. 2018). A final order is either an "order adjudicating all the rights of all the parties in an action or proceeding, or a judgment made final under Rule 54.02." CR 54.01. Here, the orders Rocket is asking us to review are interlocutory, not final, because they left Lewis County's and Tax Brake's counterclaims and cross claims unresolved, and neither order invoked CR 54.02. *See Watson v. Best Fin. Servs., Inc.*, 245 S.W.3d 722, 725 (Ky. 2008) (citing CR 54.02) ("If the trial court grants a final judgment upon one or more but less than all of the claims or parties, that decision remains interlocutory unless the trial court makes a separate determination that 'there is no just reason for delay.'"). As such, we lack jurisdiction to proceed and therefore DISMISS this appeal.

ALL CONCUR.

ENTERED: ___12-05-2025___          _____
                                              JUDGE, COURT OF APPEALS

-4-

BRIEF FOR APPELLANT:         NO BRIEF FOR APPELLEES.

Courtney Lutz Creal
Nashville, Tennessee

Beth Ann Lochmiller
Elizabethtown, Kentucky