**Wanda Gene BRADEN, Movant,**

v.

**REPUBLIC–VANGUARD LIFE INSURANCE CO., Respondent.**

Supreme Court of Kentucky.

Sept. 21, 1983.

Steven J. Kriegshaber, Louisville, for movant.

Thomas C. Hundley, Phillip J. Shepherd, Lexington, for respondent.

LEIBSON, Justice.

Wanda Gene Braden is the widow of Paul T. Braden, named insured in a life insurance policy issued by Republic-Vanguard Life Insurance Co. The purpose for the policy was to cover the balance on the mortgage on the Braden home in the event of Paul Braden's death. The policy provides that the mortgage holder as shown in the application is "beneficiary to the extent of (its) interest in the policy proceeds as creditor of the Insured at the date of the Insured's death. Any balance of policy proceeds will be paid to the Estate of the Insured." The original mortgage holder was Pence Mortgage Co., which subsequently assigned the mortgage to Baldwin-United Mortgage Co.

After Paul Braden's death, Wanda Gene Braden sued Republic-Vanguard for the payoff amount stated in the policy. The defense on the merits is based on a claim that the insured took his life in violation of the policy's suicide exclusion and the further claim of material misrepresentation in the insured's application for the policy in failing to report psychiatric treatment.

Immediately after the suit was filed, Republic-Vanguard moved to dismiss for failure to join the mortgage holder as an indispensable party. The court ordered that the mortgage company would be joined or the case dismissed. An Amended Complaint was filed naming Baldwin-United as an additional party, so that it could be paid off according to its interest in the event the claim was successful.

Subsequently the court sustained Republic-Vanguard's Motion for Summary Judgment as to the merits, finding material misrepresentation in the application as a matter of law. The trial court further

ruled that the dismissal as to Braden's claim was a final appealable order. Eight days later the trial court issued a separate order dismissing the claims of Baldwin-United, but did not specify the dismissal was a final and appealable order. Baldwin-United is still a party in the trial court in the event the case is reversed.

Braden appealed from the summary judgment. On motion of Republic-Vanguard the Court of Appeals dismissed the appeal for failure to join Baldwin-United as a necessary party to the appeal. Braden's Motion for Discretionary Review to this Court was granted. We find that Baldwin-United was not a necessary party to Braden's appeal. We reverse and remand the case to the Court of Appeals to consider the merits of the trial court's summary judgment.

The trial court ordered joinder of Baldwin-United as an indispensable party under CR 19.01. The question on this appeal is not whether the trial court was correct in considering the mortgage holder an indispensable party at the trial level. The question is whether it is indispensable in deciding Braden's appeal.

Quite obviously the real beneficiary of this policy is Braden's estate which is relieved of a debt of $30,325 upon payment of the policy proceeds to the mortgage holder. The mortgage holder, already secured by the mortgaged property, is beneficiary in the technical sense. Braden's estate was the real party in interest as that term is used in CR 17.01.

In *Aetna Insurance Co. v. Solomon,* Ky., 511 S.W.2d 205, 208 (1974) we stated:

"The prevailing rule enunciated by this court is that one for whose benefit a contract is made may maintain an action thereon in his own name even though the undertaking is not directly to or with him."

■ In *Aetna, supra,* certain owners of property damaged by fire who were not named as insured in the fire insurance policy were permitted to maintain an action as real parties in interest against the claim that they were not named beneficiaries on the contract. The same rule should apply to this appeal even though the primary beneficiary on the policy is the mortgage holder. Braden's estate is a named beneficiary to the extent of any sum due over and above the amount necessary to pay off the mortgage holder's claim, and the *de facto* beneficiary of the entire amount. As such Braden had standing to pursue this claim regardless of whether Baldwin-United chooses to do so also.

■ We find no error in the trial court requiring the joinder of Baldwin-United under CR 19.01 because Baldwin is the named beneficiary of the policy. But we see no reason to require Baldwin-United as an indispensable party to the appeal. CR 73.03 requires that a "notice of appeal shall specify all of the appellants and all of the appellees ..." Failure to specify any party whose absence prevents the appellate court from granting complete relief among those already parties would be fatal to the appeal. *Levin v. Ferrer,* Ky., 535 S.W.2d 79 (1975). But the only relief the appellant seeks in this case is reversal of the summary judgment with remand to the trial court to decide whether Republic-Vanguard has an affirmative defense to payment of the policy coverage. Assuming the appellant should prevail upon the merits, the judgment may still order Baldwin-United, which is still a party at the trial level, paid according to its interest in the proceeds. The critical difference is who is necessary to pursue the claim and who has a right to the proceeds. For this reason *New York Life Ins. Co. v. McCane,* 276 Ky. 712, 124 S.W.2d 1057 (1939), dealing with who is necessary at the trial level, is not applicable. Assuming the claim is ultimately successful Baldwin-United will receive payment, but Braden's estate will receive the benefit. As the party standing to receive the benefit, Braden's estate has standing to pursue the claim.[1]

---

1. The question of who should be the nominal plaintiff, Braden's widow or Braden's estate, is not before us. If necessary, the pleadings can be amended under Rule 15 to reflect the proper

■ Baldwin-United has been forced into this case by the appellee who has demanded its presence as an indispensable party. Baldwin-United has taken little or no active part in pursuing the merits of the claim or attacking the life insurance company's defenses. It appears to be satisfied that it will be paid either from the insurance proceeds or by mortgage payments. There is no incentive for Baldwin-United to pay the expenses which arise in connection with an appeal. We do not interpret the rules as requiring joinder as an indispensable party to an appeal of a party who is unnecessary to the decision of the appeal and who would incur an unnecessary expense if its presence was required.

We have been asked to address several other procedural issues: whether Baldwin-United can be made a party to the appeal when no final judgment was entered in the trial court against them and whether the motion to dismiss was timely made. Our decision that Baldwin-United was not a necessary party makes it unnecessary to decide these issues.

For the reasons stated herein we reverse the decision of the Court of Appeals, order the motion to dismiss overruled, and remand the case to the Court of Appeals to decide the merits of the appeal.

STEPHENS, C.J., and AKER, GANT, LEIBSON, STEPHENS and VANCE, JJ., concur.

WINTERSHEIMER, J., not sitting.

plaintiff. *Lawrence v. Marks,* Ky., 355 S.W.2d 162 (1962).