**WYATT, TARRANT & COMBS, Etc., and Brown & Williamson Tobacco Corporation, Appellants and Real Parties in Interest,**

**and**

**Hon. Thomas B. Wine, Judge Jefferson Circuit Court, Div. 10, Appellant,**

v.

**Merrell WILLIAMS, Appellee.**

**No. 94–SC–935–MR.**

Supreme Court of Kentucky.

Feb. 16, 1995.

John T. Ballantine, Jennifer J. Hall, Scott T. Wendelsdorf, Ogden, Sturgill & Welch, Louisville, Gordon A. Smith, Sean R. Smith, King & Spalding, Atlanta, for appellants and real parties in interest.

Thomas B. Wine, Louisville, for appellant Hon. Thomas B. Wine.

J. Fox Demoisey, Louisville, Alan B. Morrison, Public Citizen Litigation Group, Washington, DC, for appellee.

STEPHENS, Chief Justice.

This case comes before this Court as an appeal of an original action in the Court of Appeals pursuant to CR 76.36(7). The primary issue we address is whether the Court of Appeals improperly exercised jurisdiction in modifying an injunction. The writ of prohibition was granted by the Court of Appeals, notwithstanding the fact that the petitioner had failed to file an appeal of the injunction under CR 65.07. The twenty day filing period under CR 65.07 had expired over seven months prior to the time the petitioner moved for this extraordinary writ. After reviewing the procedural history of this appeal, we find that the Court of Appeals did improperly exercise its jurisdiction in this case.

The appellee, Mr. Williams, was formerly employed by the appellant, the law firm of Wyatt, Tarrant and Combs, as a paralegal. In his duties in that position, he was assigned to working on cases involving Brown and Williamson Corporation, a client of the law firm. In this position, he was integrally involved with developing Brown and Williamson's defense strategy in personal injury claims instituted against them. Mr. Williams left the employment of the law firm.

Mr. Williams took several copies of Brown and Williamson documents he had taken from the law firm to his own attorney. These documents were ones that he had gained access to while working as a paralegal at the law firm. His attorney advised Williams to return the documents to the law firm, and he agreed. The documents were then delivered to the law firm. Williams' attorney never read any of the documents as they were in a sealed box when Williams brought them to his office. With the box, Williams' attorney included a letter informing the law firm of the box's contents. At some later time, Williams' attorney informed the law firm that his client had prepared a narrative recounting from memory what the documents contained. His attorney, however, stated that he had not read the narrative, but that he would read the narrative by October 1, 1993, if, at that time he had not received any instruction directing him otherwise.

At this point appellants moved for a restraining order under CR 65.03(1), which the trial judge, Hon. Thomas B. Wine, entered. The order restrained Williams from "disclosing, using, reproducing, or continuing in his possession any of the stolen documents and information."

Petitioner then appealed to the Court of Appeals to dissolve the restraining order. The Court of Appeals upheld the order in part, reversing the order to the limited extent that it had required some affirmative action by Williams.

On January 7, 1994, the circuit court issued a temporary injunction. This injunction prohibits Williams and his counsel from disclosing or using any of the documents or knowledge gained from them. In June of 1994 Williams filed a motion requesting the circuit court to vacate the injunction or to modify it to the extent that Williams could disclose to his own counsel what information the documents contained for purposes of allowing him to obtain proper representation and preparing his own litigation strategy. The circuit court denied the motion to modify or vacate the injunction.

In August of 1994, over seven months after the injunction had been entered, Williams filed an original action in the Court of Appeals, seeking relief pursuant to CR 76.36. It should again be noted that Williams, how-

ever, had never appealed from the injunction under CR 65.07. On November 8, 1994, the Court of Appeals modified the injunction so as not to prohibit Williams from communicating with his own attorney about the case.

Appellants are before this Court, appealing this ruling. Appellants make both a procedural and a substantive argument. Procedurally, appellants assert that the Court of Appeals acted outside its jurisdiction in issuing the modification to the injunction under CR 76.36. Substantively, appellants argue that the modification is incorrect because it allows Williams to communicate privileged information gained through the attorney-client relationship. After review of the procedural argument, we find that the Court of Appeals did improperly exercise its jurisdiction in this case. As a result, we need not address the argument maintaining violation of communication of attorney-client privileged information.

In order for the Court of Appeals to have exercised its original jurisdiction, the movant must have shown either that "the lower court [was] proceeding or [was] about to proceed outside of its jurisdiction and that there [was] no adequate remedy by appeal" or that "the lower court [was] about to act incorrectly, although within its jurisdiction, and there exist[ed] no adequate remedy by appeal or otherwise and great injustice and irreparable injury would [have] result[ed]." *Futrell v. Shadoan*, Ky., 828 S.W.2d 649 (1992).

Williams, however, has failed to show that there was no other adequate remedy by appeal when he requested modification of the injunction by the Court of Appeals. Rather, quite the opposite was true. Williams had the opportunity to file an appeal pursuant to CR 65.07, which states:

> [w]hen a circuit court by interlocutory order has granted ... a temporary injunction, a party adversely affected may within 20 days after the entry thereof move the Court of Appeals for relief from such order.

The failure of Williams to file pursuant to this rule is fatal to his later claim that no adequate remedy by appeal existed. This Court cannot approve of exercises of original jurisdiction in cases where no remedy by appeal exists at the time of the request solely as a result of actions taken, or not taken, by the petitioner.

Because the extraordinary writ is rejected on procedural grounds, this Court finds no need to review the substantive issue regarding attorney-client privilege. This issue questions whether an attorney or a paralegal may use information he has obtained through and as a result of the course of his employment to pursue a tort claim against the client. We reiterate that we have not addressed this question which is still pending before the circuit court. An appeal taken on this issue within 30 days of a final judgment in this case will present this issue for substantive review by an appellate court.

Therefore, the Court of Appeals' order granting appellant's motion for a writ of prohibition is reversed.

All concur.