**MIDDLESBORO TANNING COMPANY, INC., Appellant,**

v.

**Earl Edward ELDRIDGE; Hon. William O. Windchy, Acting Director of the Special Fund; Hon. George S. Schuhmann, Administrative Law Judge; and the Workers' Compensation Board, Appellees.**

No. 95–CA–1971–WC.

Court of Appeals of Kentucky.

May 3, 1996.

Case Ordered Published by
Court of Appeals July 12, 1996.

Bennett Clark, Lexington, for appellant.

Robert B. Bowling, Middlesboro, for appellee, Earl Edward Eldridge.

Judith K. Bartholomew, Louisville, for appellee, Special Fund.

Before COMBS, MILLER and SCHRODER, JJ.

SCHRODER, Judge:

This is a petition for review of a decision of the Workers' Compensation Board (Board) which reversed a determination by the Administrative Law Judge (ALJ) that, in a reopening case, an employer had extinguished all liability through a settlement agreement on the initial claim.

The employee sustained a work-related injury on February 1, 1986. The employee subsequently settled with his employer and the Special Fund for a 39.5% permanent partial occupational disability. The parties agreed to a lump sum settlement whereby the employer paid $18,343.00 and the Special Fund paid $4,657.00. On December 2, 1992, the employee moved to reopen, alleging that he had sustained an increase in occupational disability since the settlement agreement. On September 23, 1994, the ALJ determined the employee had suffered an increase in occupational disability which left him totally occupationally disabled. The ALJ apportioned responsibility for the total occupational disability 25% to the employer and 75% to the Special Fund. In reviewing the settlement agreement reached in 1987, the ALJ determined that the employer had extinguished its liability with its payment of $18,343.00, and that payments by the Special Fund would begin immediately and would continue for life.

On appeal to the Board, the Special Fund argued that the employer had not extinguished its liability through a settlement agreement. The employer counters that the Special Fund has no standing to appeal the ALJ's decision concerning the employer's liability and that the original award is res judicata as to it. The Board found standing but reversed the ALJ on the issue of extinguishing liability. They also held that in a reopening, res judicata would not apply.

We agree with the Board and affirm their decision to reverse and remand to the ALJ. Once this claim was reopened, both the extent and duration of the employee's disability, as well as apportionment and payment, were issues. Once the subsequent award for total disability and apportionment were

made, there was still an issue of credit and when the Special Fund's payments should begin. The beginning of the Special Fund's payments and the time when the employee begins to receive payments are basically the same issue. To determine when the Special Fund begins payments, the ALJ necessarily has to decide the credit of the employer, as both are indispensable parties. *Milligan v. Schenley Distillers, Inc.,* Ky.App., 584 S.W.2d 751 (1979). In this particular case, the interests of the employee and the Special Fund are so intertwined that an appeal by one necessarily protects the other without the necessity for the other to file a separate appeal or cross-appeal on, in essence, the same issue. *Land v. Salem Bank,* 279 Ky. 449, 130 S.W.2d 818 (1939); *Braden v. Re-public–Vanguard Life Ins. Co.,* Ky., 657 S.W.2d 241 (1983). Remember, the employee is still a party and the Board's decision affects and is binding on all parties, regardless of which appealed an issue.

The doctrine of res judicata applies where a party in the trial court is not indispensable to an appeal and is not made a party thereto.

In such a case, the outcome on appeal would not affect a non-party to the appeal. *Braden v. Republic–Vanguard Life Ins. Co., supra; Milligan v. Schenley Distillers, Inc., supra.* But when, as here, the person doesn't request relief but is a party, the Board may grant appropriate relief when another party did appeal an issue that affects more than one party. Any ruling otherwise would thwart the basic tenet of workers' compensation law, which is to protect the interest of the injured worker. *Beale v. Shepherd,* Ky., 809 S.W.2d 845 (1991).

For the foregoing reasons, the decision of the Workers' Compensation Board is affirmed.

All concur.