**The COURIER–JOURNAL, INC.; Lexington Herald–Leader Co.; and Associated Press, Movants,**

v.

**Leonard LAWSON; Commonwealth of Kentucky, Respondents.**

**No. 2009–SC–000756–I.**

Supreme Court of Kentucky.

March 18, 2010.

---

## OPINION AND ORDER

### I. *INTRODUCTION.*

The Courier–Journal, Inc.; Lexington Herald–Leader Co.; and the Associated Press (Movants) have filed a motion under Kentucky Rules of Civil Procedure (CR) 65.09 asking us to modify or vacate an order of the Court of Appeals dismissing their motion for CR 65.07 relief from a temporary injunction issued by the Franklin Circuit Court. Movants had asked the Court of Appeals to dissolve a temporary injunction issued by the Franklin Circuit Court enjoining the Attorney General from releasing a proffer of evidence provided by Respondent Leonard Lawson in 1983.

The Court of Appeals did not reach the merits of Movants' appeal. Instead, the Court of Appeals dismissed the case because Movants had failed to name the Office of the Attorney General of Kentucky (OAG) as a party in the CR 65.07 motion. Because we agree with the Court of Appeals that the OAG, as custodian of the 1983 proffer, is an indispensable party to the action, we affirm.

## II. FACTUAL AND PROCEDURAL HISTORY.

The facts necessary to resolve this controversy do not appear to be in dispute. In 1983, a business owned by Lawson pleaded guilty in federal court to violating the Sherman Antitrust Act. As part of the plea agreement in that case, Lawson gave a proffer of evidence, a statement offered by Lawson, to assist the OAG in its investigation of a related matter.

Two years ago, a federal grand jury indicted Lawson and others in relation to an alleged conspiracy to obtain confidential Kentucky Transportation Cabinet cost estimates for certain state road contracts.

Following return of the federal indictment, Courier–Journal Reporter Tom Loftus submitted an open records request to the OAG seeking a copy of Lawson's 1983 proffer. In its response, the OAG decided to give Loftus an audiotape of Lawson's 1983 proffer and accompanying documents because those items were not exempt from Kentucky's Open Records Act.[1] Within a short time, a reporter from the Herald–Leader and a reporter from the Associated Press made similar open records requests to the OAG for Lawson's 1983 proffer.

After unsuccessfully asking the federal court to stop the OAG from disclosing his 1983 proffer, Lawson filed a complaint and motion for temporary injunction in the Franklin Circuit Court asking that court to block the OAG from providing the requested records until after Lawson's federal criminal trial or until a permanent injunction could be issued. Movants filed a written objection to Lawson's motion for a temporary injunction, but the OAG did not. Instead, the OAG submitted the disputed records to the trial court under seal and did not take a position in favor of, or opposed to, Lawson's motion. The Franklin Circuit Court granted Lawson's motion and issued a temporary injunction that enjoined the OAG "from the release and/or disclosure of the [sic] Mr. Lawson's 1983 proffer and any related documents."

Movants then filed a CR 65.07 motion in the Court of Appeals. Styled an "APPEAL FROM THE FRANKLIN CIRCUIT COURT[,]" that CR 65.07 motion listed only Lawson as an "APPELLEE." The OAG was listed as having received a courtesy copy of Movants' motion, but the OAG was not named as a party to that action. Lawson filed a response in which he argued, among other things, that Movants' CR 65.07 motion should be dismissed because it failed to name an indispensable party—the OAG.

The Court of Appeals found that the OAG was an indispensable party, reasoning that it was "clear, almost beyond dispute, that the party who would be required to act upon reversal would be the party now enjoined—the Attorney General." So the Court of Appeals dismissed Movants' CR 65.07 motion. Movants then filed the CR 65.09 motion at hand.

## III. ANALYSIS.

The merits of the underlying action are not at issue in temporary injunction pro-

---

1. Kentucky Revised Statutes (KRS) 61.870, *et*     *seq.*

ceedings.[2] So the question of whether the 1983 proffer should be disclosed under the Open Records Act is not before us. Instead, the only question properly before us is whether the Court of Appeals acted correctly by dismissing Movants' CR 65.07 motion. In resolving that question, we must remember that a movant bears an "enormous burden ... when requesting relief pursuant to CR 65.07 and CR 65.09."[3]

Movants do not dispute that precedent clearly holds that a failure to name an indispensable party in a notice of appeal is a jurisdictional defect that must result in the dismissal of the appeal.[4] But Movants contend that principle is inapplicable to this case because this is not a traditional appeal and the OAG is not an indispensable party. We agree that there are some differences between this action and a traditional appeal from a final judgment, but we disagree with Movants' contention that the Court of Appeals acted erroneously.

## A. KRS 61.880(3) Inapplicable to this Case.

We reject Movants' contention that the OAG is specifically exempted from being named as a party by virtue of KRS 61.880(3). In order to understand fully KRS 61.880(3), it is necessary to examine KRS 61.880(1)–(2).[5]

KRS 61.880(1) provides that a public agency receiving an open records request has three business days in which to notify the requestor of its decision to make available, or decline to make available, the records being sought.[6] Subsection two of that statute provides that a party dissatisfied with an agency's denial of an open records response may ask the Attorney General to review the agency's decision.[7]

**2.** *Maupin v. Stansbury,* 575 S.W.2d 695, 699 (Ky.App.1978).

**3.** *Kindred Hospitals Limited Partnership v. Lutrell,* 190 S.W.3d 916, 919 (Ky.2006).

**4.** *See, e.g., Slone v. Casey,* 194 S.W.3d 336, 337 (Ky.App.2006) ("It is well-established that failure to name an indispensable party in the notice of appeal results in dismissal of the appeal."); *Braden v. Republic–Vanguard Life Insurance Co.,* 657 S.W.2d 241, 243 (Ky.1983) ("Failure to specify any party whose absence prevents the appellate court from granting complete relief among those already parties would be fatal to the appeal.").

**5.** *See, e.g., Felts v. Linton,* 217 Ky. 305, 289 S.W. 312, 314 (1926) ("The statute must be considered as a whole as passed and its intention derived from a consideration of all of its clauses and provisions.").

**6.** KRS 61.880(1) provides, in relevant part, as follows:

Each public agency, upon any request for records made under KRS 61.870 to 61.884, shall determine within three (3) days, excepting Saturdays, Sundays, and legal holidays, after the receipt of any such request whether to comply with the request and shall notify in writing the person making the request, within the three (3) day period, of its decision. An agency response denying, in whole or in part, inspection of any record shall include a statement of the specific exception authorizing the withholding of the record and a brief explanation of how the exception applies to the record withheld. The response shall be issued by the official custodian or under his authority, and it shall constitute final agency action.

**7.** KRS 61.880(2) provides, in relevant part, as follows:

(a) If a complaining party wishes the Attorney General to review a public agency's denial of a request to inspect a public record, the complaining party shall forward to the Attorney General a copy of the written request and a copy of the written response denying inspection. If the public agency refuses to provide a written response, a complaining party shall provide a copy of the written request. The Attorney General shall review the request and denial and issue within twenty (20) days, excepting Saturdays, Sundays and legal holidays, a written decision stating whether the agency

So the general framework of an open records request is that a requestor asks the custodian of the records for disclosure; if that custodial agency denies disclosure, then the requestor may ask the OAG to review the agency's decision.

Subsection three of KRS 61.880 only comes into play if subsections one and two have been satisfied. In other words, in order for subsection three to apply, a requestor (or public agency) must be dissatisfied with the OAG's opinion regarding whether the records being sought are subject to the Open Records Act; and an action contesting the OAG's opinion must have been filed in circuit court.

KRS 61.880(3) provides,

Each agency shall notify the Attorney General of any actions filed against that agency in Circuit Court regarding the enforcement of KRS 61.870 to 61.884. The Attorney General shall not, however, be named as a party in any Circuit Court actions regarding the enforcement of KRS 61.870 to 61.884, nor shall he have any duty to defend his decision in Circuit Court or any subsequent proceedings.

▮ When read in context with subsections one and two, subsection three stands for the proposition that the OAG need not be named as a party in a typical appeal from an open records decision by the OAG. In a typical open records case, the OAG is not the custodian of the records being sought. The OAG's only role in the typical

case is to issue a formal opinion about whether the custodial agency acted properly in declining to comply with the open records request. The custodial agency must defend its own actions in court. Logically, therefore, the OAG does not need to be a party in a typical open records court action because the OAG has acted only in an advisory capacity and has no institutional interest in, or custody over, the records being sought.[8]

▮ But this case is not a typical open records action because the OAG itself is the custodian of the records being sought.[9] So it logically follows that the OAG, as the custodian of the records being sought, must be named as a party to any action that would determine whether the OAG's records must be disclosed. In other words, absent the OAG, complete relief cannot be afforded in this action.[10]

This conclusion is reinforced by the plain language of KRS 61.880(3), which requires the agency against which an open records court action has been filed to notify the OAG. It would be illogical and utterly futile for the OAG to notify itself that it had been sued. The plain language of KRS 61.880(3) shows that it is aimed at the typical open records action in which the custodian of the records being sought is another agency—not the OAG itself.

In sum, KRS 61.880(3)'s declaration that the OAG must not be a named party in an open records action in court is simply inap-

violated provisions of KRS 61.870 to 61.884.

8. Although we call the OAG's open records decisions advisory in nature, we are aware that those decisions "have the force and effect of law" if not timely appealed. KRS 61.880(5)(b). Once properly appealed, however, the OAG's open records decisions are not strictly binding on a circuit or appellate court.

9. KRS 61.870(6) (" 'Custodian' means the official custodian or any authorized person having personal custody and control of public records....").

10. *See* CR 19.01 (setting forth persons who shall be joined in actions if feasible).

plicable when the OAG itself is the custodian of the records in question.

### B. *The OAG is an Indispensable Party to this Action and Dismissal was Proper.*

In simple terms, the OAG, like any other custodial agency in a typical open records action, has a vested institutional interest in whether documents or materials in its possession are disclosed to the public.[11] And no one could seriously contend that the OAG was not a necessary party to Lawson's Franklin Circuit Court action. So we fail to see how the OAG, which remains the custodian of the records being sought, becomes any less important in these appellate proceedings.[12]

■ Of crucial importance also is the indisputable fact that the OAG was the only party enjoined by the Franklin Circuit Court. Precedent holds that "[o]nly the parties to an appeal are bound by the appellate court's disposition of the proceeding."[13] Since the Movants sought to have the Court of Appeals order the trial court to order the OAG to take an affirmative action (disclose the 1983 proffer), Movants were obligated to ensure that the OAG was a party to the action. A party cannot seek to have an appellate court vacate or modify a temporary injunction

without ensuring that the entity enjoined is a party to the appellate court action.

We agree with Movants that there are some obvious differences between this type of case and a typical appeal. For one thing, this is not an appeal from a final judgment. For another, unlike a typical appeal, a movant does not need to file a notice of appeal before filing a motion for relief under CR 65.07 or 65.09. So we agree with Movants that the precedent requiring an appeal be dismissed for failure to name an indispensable party does not precisely cover these specialized types of appellate proceedings.

■ But the principle underneath the precedent applies with equal force to these specialized proceedings. Namely, we believe it inarguable that all parties without whom complete relief cannot be granted must be named as parties in any CR 65.07 or 65.09 proceeding. And we also find it curious that Movants now contend that their action in the Court of Appeals was not really an "appeal" when the Movants themselves styled their CR 65.07 motion as an "APPEAL FROM FRANKLIN CIRCUIT COURT" and referred to themselves as "APPELLANTS" and to Lawson as an "APPELLEE." We have also referred to CR 65.07 or 65.09 proceedings as "appeals."[14] Although they do not share

---

11. We recognize that for reasons not divulged in the record, the OAG has not formally taken a position on Lawson's motion for a temporary injunction. However, the fact that in this unique case, the OAG did not take a position in circuit court does not alter the broader conclusion that the OAG, like any public agency, does have an institutional interest in the public disclosure of its own records.

12. As the Court of Appeals noted, "if the Attorney General is an indispensable party below and, in fact, a temporary injunction was issued against him in his capacity as custodian, logic dictates that he is also an

indispensable party to proceedings in this court."

13. *Levin v. Ferrer*, 535 S.W.2d 79, 82 (Ky. 1975).

14. *Breathitt County Board of Education v. Prater*, 292 S.W.3d 883, 886 (Ky.2009) ("CR 65.07 permits an interlocutory appeal from an order 'grant[ing], den[ying], modif[ying], or dissolv[ing] a temporary injunction[.]' "); *Wyatt, Tarrant & Combs v. Williams*, 892 S.W.2d 584, 585–86 (Ky.1995) (dismissing writ petition concerning an injunction because petitioner should have filed CR 65.07 action instead, explaining that "Williams filed

all the characteristics of typical appeals, CR 65.07 or 65.09 actions are, in fact, appeals. So the bedrock principle that a failure to name a necessary party to an appeal is a fatal jurisdictional error applies with equal vigor to CR 65.07 or 65.09 proceedings as it does to more typical appeals.

■ We reject Movants' related contention that reliance upon that bedrock principle in this case elevates form over substance because the OAG knew of the pendency of the CR 65.07 action and declined to take any position on Lawson's circuit court action. To the contrary, we conclude that jurisdictional defects are substantive matters that cannot be lightly swept aside, regardless of whether a necessary party chooses to argue a position before an appellate court. In other words, in these types of situations, an appellate court's ability to acquire jurisdiction over the necessary party is paramount, even if the necessary party takes no position on the outcome.

■ In a similar vein, we reject Movants' contention that the Court of Appeals should have taken a curative approach instead of dismissing the CR 65.07 action. To the contrary, precedent clearly holds that a failure to name an indispensable party is a fatal error requiring dismissal.[15] And, as stated before, we conclude that principle applies with equal vigor to CR 65.07 or 65.09 motions.

## C. *Precedent does not Require Movants to be Afforded Relief.*

Finally, we disagree with Movants that precedent, specifically *Braden* and *Hiatt v. Clark,*[16] compel a different result. We find both cases to be distinguishable.

In *Braden,* Paul T. Braden was the named insured on a Republic–Vanguard life insurance policy, which would cover the balance owed on Braden's home mortgage at his death.[17] The policy provided that the mortgagee was the beneficiary of the policy to the extent of the mortgage, with Braden's estate receiving any remaining funds. When Braden died, his widow, Wanda, sued Republic–Vanguard for the mortgage payoff amount stated in the policy; but Republic–Vanguard claimed that it was not required to pay because Paul had committed suicide and had failed to report in his policy application that he had received psychiatric treatment.[18] Republic–Vanguard also moved to dismiss for failure to join the mortgagee, Baldwin–United Mortgage Co. The trial court ordered Baldwin–United joined as a party or the action to be dismissed. Wanda then filed an amended complaint naming Baldwin–United as an additional party.[19]

The trial court granted summary judgment to Republic–Vanguard and denominated the dismissal of Wanda's claim to be a final and appealable order. The trial court also dismissed Baldwin–United's claims but did not denominate that dis-

---

an original action in the Court of Appeals, seeking relief pursuant to CR 76.36. It should again be noted that Williams, however, had never appealed from the injunction under CR 65.07.").

15. *Braden,* 657 S.W.2d at 243 ("Failure to specify any party whose absence prevents the appellate court from granting complete relief among those already parties would be fatal to

the appeal."). *See also Slone,* 194 S.W.3d at 337.

16. 194 S.W.3d 324 (Ky.2006).

17. 657 S.W.2d at 242.

18. *Id.*

19. *Id.*

missal as a final and appealable order.[20] Wanda appealed from the summary judgment granted to Republic–Vanguard, but the Court of Appeals dismissed the appeal for failure to name Baldwin–United as a necessary party.[21]

The case then came to this Court upon discretionary review. We held that there was "no error in the trial court requiring the joinder of Baldwin–United under CR 19.01 because Baldwin is the named beneficiary of the policy[,]" but we failed to see a "reason to require Baldwin–United as an indispensable party to the appeal."[22] We reasoned that Baldwin–United had no real stake in the suit because it would be paid from either insurance proceeds if Wanda's appeal succeeded or regular mortgage payments if it did not. Thus, we concluded that we did "not interpret the rules as requiring joinder as an indispensable party to an appeal of a party who is unnecessary to the decision of the appeal and who would incur an unnecessary expense if its presence was required."[23]

Movants contend that the OAG is in the same position as was Baldwin–United in *Braden* : indifferent to the outcome of the appeal and merely waiting guidance from the Court. But we agree with Lawson that the OAG's status is more akin to that of the insurance company, Republic–Vanguard. Like Republic–Vanguard, the OAG is the custodian of the item at the center of the controversy (the insurance policy in *Braden* and the 1983 proffer in the case at hand) and is awaiting the Court's guidance on whether to release that document (or the proceeds in *Braden* ) to a requesting party (Wanda in *Braden* and Lawson in the case at hand).

Likewise, this case is distinguishable from *Hiatt*. *Hiatt* involved a prisoner's post-conviction contention that he had received ineffective assistance of counsel. The question before us in *Hiatt* was whether a writ of mandamus was proper so that the prisoner could obtain his former attorney's case file. Obviously, the case at hand is markedly different than a mandamus case deriving from a criminal post-conviction motion. Also, the prisoner in *Hiatt* only wanted to obtain his attorney's case file—material that was "his in the first place...."[24] The material Movants seek to obtain and Lawson seeks to shield belongs neither to Movant nor to Lawson. Instead, the 1983 proffer belongs to the OAG, a non-party to Movants' CR 65.07 motion. Because it is readily distinguishable from the case at hand, application of our narrow holding in *Hiatt* affords Movants no relief.

## IV. CONCLUSION.

For the foregoing reasons, the Court ORDERS that the order of the Court of Appeals dismissing Movants' CR 65.07 motion is affirmed.

All sitting. All concur.

ENTERED: March 18, 2010.

/s/ John D. Minton, Jr.
    Chief Justice

---

20. *Id.* at 243.

21. *Id.*

22. *Id.*

23. *Id.* at 244.

24. 194 S.W.3d at 327 ("Appellant is seeking to obtain that which is his in the first place—his file.").