James Michael FINK, Appellant

v.

Elizabeth FINK, Appellee

NO. 2016–CA–000797–MR

Court of Appeals of Kentucky.

DECEMBER 22, 2016

MODIFIED JANUARY 30, 2017

ATTORNEY FOR APPELLANT: Allen McKee Dodd, Louisville, Kentucky

ATTORNEY FOR APPELLEE: J. Gregory Joyner, Louisville, Kentucky

BEFORE: COMBS, THOMPSON AND VANMETER, JUDGES

## OPINION AND ORDER [1]

VANMETER, JUDGE:

On September 15, 2016, this Court directed James Michael Fink, the appellant, to show cause why this appeal should not be dismissed for failing to name an indispensable party to this appeal. On September 30, 2016, James filed a document titled "Appellant's Motion to Amend Notice of Appeal and Response to the September 15, 2016 Show Cause Order," and tendered an Amended Notice of Appeal. Elizabeth Fink, the appellee, did not respond to the show cause order.

On April 27, 2016, the Jefferson Circuit Court entered an Order, which stated: "Thus, the Court orders [James] to pay the sum of $5,000.00 to [Elizabeth] representing attorney's fees and costs herein. Said sum shall be paid within sixty (60) days of entry of this Order and paid directly to counsel for [Elizabeth] who shall be permitted to enforce this portion of the Order as though in his name." In the Notice of Appeal, James failed to name Elizabeth's counsel as a party to the appeal.

In *Neidlinger v. Neidlinger*, 52 S.W.3d 513, 519 (Ky. 2001), the Kentucky Supreme

---

1. When final disposition of an appeal is made by an "Opinion and Order," as in this case, the party adversely affected may move for reconsideration as provided by CR 76.38(2) within ten days of entry, but a petition for rehearing is unauthorized. CR 76.32(1).

Court stated, "[i]f the 'reasonable amount' is ordered paid directly to the attorney, the attorney 'may enforce the order in his own name' and, thus is the real party in interest and a necessary and indispensable party to any appeal from that order." *See also Hutchinson v. Hutchinson*, 293 Ky. 270, 168 S.W.2d 738 (1943) (indicating that an award of attorney's fees directly to the attorney made him a party to the litigation)). The Supreme Court in *Neidlinger* further stated, "*Louisville Label, [Inc. v. Hildesheim*, 843 S.W.2d 321 (Ky. 1992)], specifically held that unless the fee is awarded directly to the attorney, the client, as the primary obligor of the fee, is the real party in interest and the only indispensable party to the appeal. *Id.* at 326. The logic of this principle applies as well to fees awarded only to the client under KRS 403.220." 52 S.W.3d at 519 (emphasis added). In this case, the attorney's fees were not awarded only to Elizabeth; rather the circuit court ordered the attorney's fees to be paid directly to Elizabeth's counsel subject to enforcement in his own name.

In the leading case of *City of Devondale v. Stallings*, 795 S.W.2d 954 (Ky. 1990), the Supreme Court held that the policy of strict compliance, rather than substantial compliance, applied to the naming of indispensable parties in the notice of appeal. *See also Hutchins v. Gen. Elec. Co.*, 190 S.W.3d 333, 337 (Ky. 2006) (court holding that "[a] policy of strict compliance governs the time within which an appellant must invoke the court's jurisdiction, naming all indispensable parties[ ]"); *Commonwealth v. Maynard*, 294 S.W.3d 43, 46 (Ky. App. 2009). Failure to name an indispensable party is fatal to an appeal. *Couri-*

*er–Journal, Inc. v. Lawson*, 307 S.W.3d 617, 623 (Ky. 2010) (citing *Braden v. Republic–Vanguard Life Ins. Co.*, 657 S.W.2d 241, 243 (Ky. 1983)). Therefore, this appeal is subject to dismissal because Elizabeth's counsel is a real party in interest and an indispensable party.

In his response to the show cause order, James has filed a Motion to Amend the Notice of Appeal to add the Elizabeth's attorney as a party to this appeal.[2] James notes that Elizabeth's counsel did have notice of the appeal even though he was not specifically listed as an appellee. However, this belated attempt to cure the deficiency in the notice of appeal is ineffective and improper. In *City of Devondale*, the Supreme Court indicated that any attempt to amend the notice of appeal to add indispensable parties must be accomplished within the normal time requirements for filing the notice of appeal, and service of the defective notice of appeal alone is insufficient to cure the defect. 795 S.W.2d at 955, 957 (noting that two indispensable parties were not named in the Notice of Appeal but copies were served on their attorneys). *See also Nelson County Bd. of Educ. v. Forte*, 337 S.W.3d 617, 626 n. 2 (Ky. 2011) (stating "[o]f course if the Appellant catches the deficiency prior to the expiration of the thirty-day notice requirement and timely corrects the deficiency by filing a proper notice of appeal, the deficient notice may thereby be remedied. . . . [O]nly after the expiration of the thirty-day notice requirement . . . the defect 'may not be remedied' at all[ ]"). James' attempt to amend the Notice of Appeal is untimely because the time for filing an amended notice of appeal expired 30 days after the entry of the order being appealed on April

---

**2.** In his response, James acknowledges that Elizabeth's counsel should have been named in the Notice of Appeal: "Upon review of this Court's Show Cause Order, Mr. Fink agrees that Mr. Joyner should also be a party to this case as the Order for attorney's fees is enforceable in Mr. Joyner's name." Appellant's Response at 1.

27, 2016. Accordingly, James' request to allow him to proceed with this appeal based on amendment of the notice of appeal is without merit and the appeal must be dismissed.

After considering James' response to the show cause order and having been otherwise sufficiently advised, this Court fails to find sufficient cause. The motion to amend the notice of appeal is denied and the appeal is dismissed.

COMBS, JUDGE, CONCURS.

THOMPSON, JUDGE, DISSENTS AND FILES SEPARATE OPINION.

THOMPSON, JUDGE, DISSENTING:

Respectfully, I dissent. The majority relies on *Neidlinger v. Neidlinger*, 52 S.W.3d 513 (Ky. 2001), which is less than clear on the issue of when an attorney must be named as a party on appeal. The attorney in this case is not the first to fall into this procedural trap.

Perhaps the reason why an attorney is often overlooked as a party to an appeal is because there is no logical reason or real purpose in naming the attorney in the notice of appeal. The attorney was a not a party to the proceedings below and, in reality, the attorney's interest is not *who* pays his fee, which is the subject of this appeal. Regardless of the resolution of the merits of this appeal, the attorney will be paid because Elizabeth, not the opposing party, remains and always will be primarily obligated to pay her attorney. In other words, the participation of the attorney on appeal is not necessary for this Court to affirm or reverse the court's order. *See Nelson Cnty. Bd. of Educ. v. Forte*, 337 S.W.3d 617, 625 (Ky. 2011). If *Neidlinger*, requires that this Court dismiss this appeal, I urge the Supreme Court to revisit its holding and destroy the legal fiction that the attorney is the real party in interest.

The dismissal of this case for failure to name an indispensable party is particularly troublesome. First, in its order, the court acknowledged that it did not have a complete picture of the financial resources of the parties. Further, the court acknowledged that the appellee incurred fees of $8,964 and, with an admitted lack of knowledge of the parties' financial resources, awarded $5,000. Because we are dismissing the case without review of the record and its merits, we have precluded appellate review of the issue.

Elizabeth's counsel has agreed that James should be permitted to amend his notice of appeal and is not prejudiced by the failure to list his name in the notice of appeal. Unfortunately, this Court has taken a different view and, based on a rule with no sound purpose, denies James access to judicial review.

I believe all indispensable parties are before this Court. The party ordered to pay the partial attorney fee and the party primarily obligated to her attorney for the fee. I believe any view to the contrary should be revisited by our Supreme Court.