# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

RENDERED: FEBRUARY 15, 2018
NOT TO BE PUBLISHED

Supreme Court of Kentucky FINAL

DATE 3/8/18 Kim Redmon, DC

2017-SC-000145-MR

3M COMPANY                                                        APPELLANT

ON APPEAL FROM COURT OF APPEALS
NO. 2016-CA-001958-OA
KNOTT CIRCUIT COURT NO. 10-CI-00176

V.

HONORABLE KIMBERLEY CHILDERS                                      APPELLEE
JUDGE, KNOTT CIRCUIT COURT

AND

JOHN F. COLLINS, JOHN J. COLLINS,              REAL PARTIES IN INTEREST
DAVID COMBS, STEVEN FARLEY,
JIMMY RAY GIBSON, LARRY DEAN HALL,
CHARLES HICKS, CHARLIE MAGGARD,
LESLIE RITCHIE, ARLIE JOHN SMITH,
ROBERT GREGORY STAPLETON AND
DARRELL THORNSBERRY

**MEMORANDUM OPINION OF THE COURT**

**DISMISSING**

### I.    FACTUAL AND PROCEDURAL BACKGOUND.

In this product liability case, sixteen plaintiffs[1] (referred to collectively as

"Plaintiffs") sued 3M for defectively manufacturing respiratory equipment which

---

[1] 3M has settled with seven plaintiffs during the course of this proceeding,
including John F. Collins, the plaintiff named as the real party in interest in 3M's writ

was designed to protect coal miners from developing illnesses related to the inhalation of coal dust while working in the mines. Plaintiffs allege that 3M's defective respiratory products resulted in exposure to coal dust that caused them to develop coal workers' pneumoconiosis (also known as black lung disease). Due to 3M's concern that it will be unable to receive a fair trial in Knott County because potential jurors may have preconceived beliefs about its liability, or close ties to Plaintiffs and the mining industry in Knott County, 3M asked the Knott Circuit Court for permission to conduct pretrial community surveys in Knott County and adjacent counties designed to determine whether a sufficient bias exists to warrant a change of venue.[2] The circuit court denied 3M's request.

3M then petitioned the Court of Appeals for a writ to prohibit the circuit court from enforcing its order and to direct the circuit court to allow 3M to conduct the surveys. In its writ petition to the Court of Appeals, 3M named the circuit court judge as Respondent, but identified only John F. Collins as a Real Party in Interest. The Court of Appeals properly denied 3M's petition since 3M failed to show that it had no adequate remedy by appeal on the issue of change of venue. *See Hoskins v. Maricle*, 150 S.W.3d 1, 10 (Ky. 2010) (stating

---

petition. At the time appellate briefs were filed with this Court, nine plaintiffs remained.

[2] 3M states that the underlying civil action with Plaintiffs is only a fraction of the 416 coal miner plaintiffs in 34 separate cases currently pending against it in Knott County. The record reflects that the trial court had instructed the parties not to conduct such surveys due to past problems. Absent such order, no prohibition would otherwise attached to a survey of community opinion.

2

standard for issuance of writ of prohibition); *Gill v. Commonwealth*, 7 S.W.3d 365, 369 (Ky. 1999) (noting decision of whether to grant change of venue in within discretion of trial court and is reviewable on appeal). 3M now appeals as a matter of right.

For the following reasons, we dismiss this appeal for lack of jurisdiction.

## II. ANALYSIS.

Plaintiffs ask this Court to dismiss this appeal on jurisdictional grounds because 3M's writ petition fails to name necessary parties, citing CR[3] 10.01. Plaintiffs argue the writ petition did not satisfy CR 10.01 since the caption and body name as the "real party in interest" only "John F. Collins." And though the body of the petition mentions the "16 Plaintiffs" in the underlying civil action, it does not identify them individually by name. Thus, Plaintiffs assert that the petition failed to name all indispensable parties.

Original proceedings in an appellate court are governed by CR 76.36. Section (1) of the rule sets forth the required contents of the petition:

    (a) The name of each respondent against whom relief is sought;

    (b) The style and file number of the underlying action before the respondent(s);

    (c) The facts upon which petitioner claims entitlement to relief;

    (d) The relief sought;

    (e) A memorandum of authorities in support of the petition.

---

[3] Kentucky Rules of Civil Procedure. CR 10.01 states that "[i]n the complaint the style of the action shall include the names of all the parties, but in other pleadings it is sufficient to state the name of the first party on each side with an appropriate indication of other parties."

A copy of the petition shall be served on each respondent and each real party in interest as defined in this Rule, Section (8), and shall bear proof of service as required by Rule 5.03. Immediately upon the filing of the petition, the clerk shall mail to each respondent and real party in interest notice of the date the petition was filed.

CR 76.36(2) provides that both the respondent, *i.e*, "the party against whom relief is sought[,]" and the real party in interest, as defined in CR 76.36(8), have the right to file responses to the petition. This latter section provides that "[f]or the purpose of this rule only, the term 'real party in interest' is any party in the circuit court action from which the original action arises who may be adversely affected by the relief sought pursuant to this Rule."

We agree that the writ petition failed to name all indispensable parties. In *Sweasy v. King's Daughters Mem'l Hosp.*, 771 S.W.2d 812, 817 (Ky. 1989), we held that for purposes of a writ proceeding, the real parties in interest, meaning any "person who will be adversely affected if the Petition is granted[,]" are indispensable parties. "[A] failure to name an indispensable party is a fatal error requiring dismissal." *Courier-Journal, Inc. v. Lawson*, 307 S.W.3d 617, 623 (Ky. 2010); *see also* CR 19.01 (a person is an indispensable party if "in his absence complete relief cannot be accorded among those already parties[]").

We further agree that jurisdiction over all 16 plaintiffs never attached since they were not individually named in 3M's writ petition. The caption and body of 3M's writ petition names "John F. Collins, et al." as interested parties. The body of the writ petition refers to "16 Plaintiffs" in the underlying civil action, but does not identify them by name. Since 3M failed to identify all indispensable parties in its writ petition, dismissal of this appeal is required.

4

## III. CONCLUSION.

This appeal is dismissed for lack of jurisdiction.

All sitting. All concur.

COUNSEL FOR APPELLANT:

Byron N. Miller
Michael J. Bender
Joseph Wright
THOMPSON, MILLER & SIMPSON PLC

COUNSEL FOR APPELLEE:

Kimberley Childers
Judge, Knott Circuit Court

COUNSEL FOR REAL PARTIES
IN INTEREST:

Kevin Crosby Burke
Jamie Kristin Neal
BURKE NEAL PLLC

Richard Friedman
Kenneth Friedman
FRIEDMAN RUBIN

Adam Peter Collins
Nathaniel Leslie Collins
Michael Conley
COLLINS, COLLINS & CONLEY